## URIAH BROWN vs. WILLIAM P. FIFIELD.

Although, by Section 5, Article 16, of the Revised Constitution, the real and personal estate of every female acquired before marriage, and all property to which she may afterwards become entitled by gift, etc., shall remain the estate, etc., of such female, and shall not be liable for her husband's debts, etc.; she is not empowered by said section to sell and dispose of such estate and property, without the consent of her husband.

The familiar rule, that a statute in contravention of the common law must be strictly construed, and cannot be extended by implication, applies also to a Constitutional provision of similar character.

Where replevin was brought by the husband alone, to recover property acquired by the wife before her marriage; *held*, that the wife should be joined.

In an action by the husband alone, for property of the wife, held in her own right, or that of another, he will be non-suited. The non-joinder of the wife need not be pleaded.

Case reserved from Jackson Circuit.

This was an action of replevin for the recovery of a horse, alleged to have been unlawfully detained by defendant.

Upon the trial in the Court below, the following facts appeared, viz.: That the plaintiff married his wife in 1851; that the horse in question was her property at the time of the marriage; that the horse was used in the plaintiff's family until July 10th, 1854, at which time the wife of the plaintiff sold and delivered the horse in question to the defendant, without the knowledge or consent of the plaintiff, who was absent from home at the time ; and that afterwards, and on the 14th day of August next following, the plaintiff replevied the horse. The cause was tried by a jury, and the Court charged the jury as follows : 1. That, by the Constitution, the property continued to be the property of the wife after marriage as before, and being such owner, she had the right to sell, and could convey a good title to the defendant.

2. That conceding that the wife of the plaintiff had no authority to sell, nevertheless the plaintiff could not recover in an action brought in his own name ; that it was necessary that his wife should join.

3. That the defendant was entitled to a verdict for the value of the property.

The jury, under this charge, returned a verdict in favor of the defendant for the value of the horse ; and the plaintiff thereupon moved for a new trial, on the ground that the Court erred in the foregoing charge ; and the question whether the Court so erred is reserved for the opinion of this Court.

The provision of the Constitution referred to in the first paragraph of the charge, is Section 5 of Article XVI, entitled, "Exemptions," and is as follows : "The real and

personal estate of every female, acquired before marriage, and all property to which she may afterwards become entitled by gift, grant, inheritance, or devise, shall be and remain the estate and property of such female, and shall not be liable for the debts, obligations, or engagements of her husband, and may be devised or bequeathed by her as if she were unmarried."

*A. Blair*, for plaintiff.

1. The Constitutional provision was intended for the benefit of married women, and is to be construed beneficially. The limitation of Revised Statutes 340, Section 25, was removed by the Constitution. It gives the same right as the statute, and omits the restraining clause. (2 *Kent Com.*, 162 to 166, *and Note* 6.) As to the policy of these laws, see 1 Kent Com., 187.

2. The title was in the wife, and the cause of action would survive to her. In every such case she must be joined. (1 *Chit., Plead.*, 82; 10 *Pick.*, 469; 13 *Wend.*, 271; 12 *Serg. & R.*, 76 ; 2 *Leigh*, 185 ; 17 *J. R.*, 548.)

*Wood & Livermore*, for defendant.

The meaning of the Constitutional provision is simply, that the wife's property, while she lives with her husband, shall not be liable for his debts. The object was, to protect the wife in the use of her property, not to enable her to traffic in it. The same rule is to be followed in the construction of this provision, as in a similar provision of law. We are to ascertain the mischief felt, and the remedy sought. (1 *Gibbs*, 468.) The framers of the Constitution did not intend to innovate further upon the common law than the case required, viz.; the protection of the wife in the enjoyment of her property, and its security from sale for her husband's debts, and

her right to devise, bequeath, etc. (1 *Kent Com.*, 464; 1 *Gibbs*, 490.)   At common law, any agreement of the wife, without the husband's assent, is void.   (1 *Parson's Cont.*, 286, *et seq.*) In this case the wife could not dispose of the property without the husband's assent.   (1 *Black. Com.*, 442, *Note* 42 ; 1 *Chit. Plead.*, 62 ; 2 *Saund.*, 47 ; 1 *Gibbs*, 467.)

To sustain the action, the plaintiff must either own, or be entitled to the possession of the property. (1 *Grah. Prac.*, 889; *Burr, Pr.*, 25.)   The action is rightly brought in the name of the plaintiff.   (1 *Chit. Plead.*, 48.)

2. It was not necessary to join the wife. (*Morehead's Pr.*, 338; 2 *Supp. U. S. Dig.*, 131.)   Where personal property is reduced to possession, either actual or constructive, the husband must sue alone.   (1 *Hawks*, 67; 4 *Dana*, 333.) The books make a distinction between trespass, or trover and replevin, for taking personal property (4 *Petersd. Abridgement*, 101); in which the Court say : "The husband might have declared in this replevin alone, or jointly, as he has done."   In Spears and Wife *vs.* Alexander, quoted in Morehead's Practice, 343, it is said : "If the husband has either actual or constructive possession, the wife cannot join."

One having the right to possession of property, may maintain replevin even against the real owner.   This suit can in no way dispose of the rights of the wife.   Its termination in the husband's favor, does not vest the ownership in him unconditionally, but simply the possession.

If, however, the wife was the owner, and could sell the property, she having parted with all *her* interest, ought not to be joined in the action.   She sold, subject to her husband's right, viz.: *possession* during the coverture, and so she can have no interest in the suit.

The defendant should have *pleaded* her non-joinder. (*Morehead's Prac.*, 336, *note* 3, *giving the opinion of Baron Comyn.*)

Uriah Brown *vs.* William P. Fifield.

By the Court, GREEN, J.

The ownership of property does not necessarily include the power to sell or convey it. Married women, at the common law, were capable of holding real estate; and infants, lunatics, and idiots might be the owners of property of any description, but are incapable in law of making any obligatory contract for the sale of it. The general rule of the common law is, that a married woman cannot, during her coverture, make an obligatory contract. (*Story on Contracts,* § 83.) To this rule there are several exceptions, none of which, however, affect this case.

Has the Constitution removed the disability to contract, which resulted from the coverture by the common law? It certainly has not done so in express terms, nor do we discover anything in its language which seems to imply such an intention. She is expressly empowered to devise and bequeath the property as if she were unmarried, and it may fairly be inferred, that if it had been intended to enable her to sell and dispose of it by contract during the coverture, such intent would have been manifested in express terms. It is a familiar rule, that a statute in contravention of the common law, ought not to be extended by construction, and the rule is equally applicable to a Constitutional provision of this character. The Circuit Judge was wrong, therefore, in charging the jury that the plaintiff's wife, being the owner of the horse, had the right to sell, and could convey a good title to the defendant.

The second branch of the charge to the jury was right. The wife having no authority to sell the property, the contract was void, but the plaintiff could not sue alone, and should have joined his wife in the action. Mr. Chitty, in his Treatise on Pleading, says, that "for injuries to the person, or to the real or personal property of the wife, committed before marriage, when the cause of action would survive to

the wife, she must join in the action, and if she die before judgment, it will abate." (1 *Chit. Pl., p.* 73.) In this case the cause of action would survive to the wife, and upon her death during the life of the plaintiff, the property would go to her representatives, and he would have no interest in it.

It does not seem necessary in this case to determine how far the husband's right extends to control the possession of the property of his wife, nor whether, with the consent of the husband, the wife could sell or otherwise legally dispose of the personal property. It is a general rule, that the ownership of property gives the right of possession as an incident; but if this rule applies to the property in question, yet by the common law the husband ought to join with the wife for the sake of conformity, even when she sues as executrix (1 *Chit. Pl.,* 74), or upon a contract made by her as a *feme covert* trader, under the custom of London. (*Story on Cont.,* § 88.)

But it is claimed on behalf of the plaintiff, that the defendant should have pleaded the non-joinder of the wife in abatement, and having failed to do so, that it is too late to take advantage of it. The true doctrine upon this point is stated by Chitty, in the following lanugage : " If the husband sue alone when the wife ought to be joined, either in her own right or in *autre droit,* he will be non-suited ; for, though in general the non-joinder of the party as a co-plaintiff in an action for a tort can only be pleaded in abatement, yet that rule only applies in those cases in which the party suing had some legal interest in his own right in the property affected. A husband has, *independently of his wife,* no legal interest or cause of action whatever for injuries to her, or her property, in those instances in which it is necessary to join her as a plaintiff in an action." (1 *Chitty Pl.,* 75.)

Whether the Court erred or not in charging the jury, that the defendant was entitled to a verdict for the value of the property, we think is not material. It may be regarded as

merely a direction to them to ascertain and assess its value, and as such was not improper. Had the Court been required to direct the jury to find according to the fact, if they were satisfied from the proof that the defendant was not the general owner, and had no interest in the property, and such direction had been refused, the question would then have arisen, whether this was a case within the provisions of Section 29, of Chapter 124, entitled, " Of the action of Replevin."

No such direction having been asked, we are of the opinion that the plaintiff has no right to complain of this portion of the charge as given.

It must be certified to the Circuit Court for the County of Jackson, as the opinion of this Court, that there is error in that portion of the charge given to the jury, wherein it was stated that the wife of the plaintiff had the right to sell the horse in question, and could convey a good title thereto to the defendant, and that there is no error in the other portions of said charge.

All the Judges were present and all concurred, except Douglass, J., who declined expressing any opinion as to whether, under the Constitution, a married woman could sell her separate property without her husband's consent, as he deemed a decision of that point unnecessary for the determination of this case ; but concurred with the rest of the Court upon the other points decided.