JOHN WHITWORTH AND CHARLES ALDEN V. CHARLES H.
PELTON, PRINCIPAL DEFENDANT, AND THE
DETROIT, LANSING & NORTHERN RAILROAD
COMPANY, GARNISHEE DEFENDANT.

*Pleading—Statute of limitations—Notice—Bills and notes—Justice's
judgment—Collateral attack—Garnishment—Disclosure by
corporation—Transmission of by mail.*

1. Notice of the statute of limitations must be added to the plea of
the general issue to enable the defendant to avail himself of
such defense; citing *Snyder v. Winsor*, 44 Mich. 140; *Ripley v.
Davis*, 15 Id. 75.

2. A note payable to the order of "J. Whitworth & Co ," and
indorsed in blank in the firm name, may be sued by any
holder.

3. In a suit against a garnishee defendant the judgment record in
the main case cannot be attacked by proof that the principal
defendants never appeared, and never consented to an adjourn-
ment, which facts are shown by such record, which is regular
upon its face, and recites the necessary facts to give the justice
jurisdiction over the persons of the principal defendants and
the subject-matter of the suit.

4. A justice's docket was offered in evidence, through the justice,
in garnishment proceedings, to prove the rendition of a judg-
ment against the principal defendants. Certain erasures
appeared in the margin of the docket outside of the ruled lines,
but the counsel for the defendant asked the justice no questions
in reference to such erasures. The circuit court found that the
judgment was valid; and it is held that the question of such
erasures could not be inquired into in the appellate court.

5. The disclosure of a railroad company in a garnishment proceed-
ing in justice's court purported to have been made by the
assistant treasurer of the company. He testified that he was
such officer, and that he made the disclosure in behalf of the
company, and that he had knowledge of the facts therein
stated; and it is held that sufficient authority is shown to
make such disclosure.

6. A railroad company having its business office in the city of
Detroit, and proceeded against as garnishee defendant before a

justice of the peace of the city of Grand Rapids, may transmit its sworn disclosure by mail, under Act No. 175, Laws of 1885.

Error to Kent. (Grove, J.) Argued May 8, 1890. Decided May 16, 1890.

Garnishment. Principal defendant brings error. Affirmed. The facts are stated in the opinion.

*Ward & Ward* and *L. E. Carroll,* for appellant.

*Palmer & Stevens,* for plaintiffs.

Long, J. This is a proceeding in garnishment, and was tried before the Kent circuit court, without a jury, where the plaintiffs had judgment for the sum of $150.03 .and costs. The cause was defended by the principal defendant, who now brings error. Fourteen errors are .assigned. A bill of exceptions was settled, and the whole proceedings are before us. At the request of the counsel for the principal defendant, the court made a finding of facts and conclusions of law.

It appears from the record that on August 6, 1884, the plaintiffs brought suit against said Charles H. Pelton and one Aldrich W. Pelton, in justice's court at Grand Rapids, on a promissory note, of which the following is a copy:

"62.00.        "GRAND RAPIDS, MICH., Aug. 25, 1887.
"Thirty days after date, for value received, we promise to pay to the order of J. Whitworth & Co., at the City National Bank of Grand Rapids, sixty-two and no one-hundredths dollars, with interest at the rate of ten per cent. per annum.        A. W. PELTON.
                                "C. H. PELTON."

This note was indorsed on the back: "J. WHITWORTH & Co." The suit was commenced by summons, which was personally served on both defendants, and on the return-day, August 18, 1884, as appears by the justice's

docket, the plaintiffs and both the defendants appeared; and by consent the cause was adjourned to August 25, 1884, at 9 o'clock A. M., at which time plaintiffs appeared, and defendants did not appear. Plaintiffs declared in *assumpsit,* and filed this note. Court was held open for one hour, and, defendants not appearing, the plaintiff Whitworth was sworn, and judgment was rendered on the note for $99.20 damages, and $3.75 costs of suit. No appeal was ever taken from this judgment.

On September 10, 1888, the plaintiffs, by their agent, made an affidavit for a writ of garnishment against the Detroit, Lansing & Northern Railroad Company, as garnishee of Charles H. Pelton, one of the defendants in this justice's judgment, and filed the same with the justice. The writ of garnishment was issued by the justice, and served on the general agent of the railroad company in Grand Rapids, on the same day. On September 13, 1888, the railroad company, by J. E. Howard, its assistant treasurer, made disclosure in writing, and filed the same with the justice on September 18, admitting a liability to Charles H. Pelton, the principal defendant, of $3,640.

On September 18, 1888, the justice issued a summons against said railroad company, commanding it to show cause why judgment should not be rendered against it, upon its disclosure. This summons was duly served on the railroad company on the same day, and the necessary fees paid. On the return-day of this summons, the plaintiffs declared orally, in an action of trover, for the unlawful conversion of the moneys mentioned in the disclosure, and also added a count for money had and received. Mr. Charles H. Pelton, the principal defendant, appeared in the action, pleaded the general issue, and gave notice—

"That he would defend the action upon the ground

that the judgment upon which the garnishee summons issued is void upon its face, having been taken upon an outlawed note at the time of the commencement of the suit upon which said judgment was obtained."

The cause was adjourned until October 4, 1888, when it came on for trial before a jury, who found a verdict in favor of the defendant. The plaintiffs appealed the cause to the circuit court, where it was tried, as before stated, before the court, without a jury.

On the trial in the circuit court, the principal defendant objected to the introduction of the justice's docket showing the original judgment, for the reason that "it appears by the docket that the note was outlawed." The defendants were duly served with process, appeared, and consented to an adjournment. They did not plead. In order to have the advantage of the statute of limitations, it must be pleaded. The defense is one by way of confession and avoidance, and until it is pleaded the plaintiff need introduce no proof to show that his cause of action is not affected by it. Under the rules of practice in this State, a notice of the defense of the statute of limitations must be added to the plea of the general issue, in order that such defense may be taken advantage of. *Snyder v. Winsor,* 44 Mich. 140; *Ripley v. Davis,* 15 Id. 75. Objection was also made that the title to the note was not in the plaintiffs. The note was payable to J. Whitworth & Co. or order, and was indorsed by them in blank. Suit could therefore be brought upon it by any holder.

Defendant also claimed the right to attack the judgment record, and to show that the defendants never appeared, and never consented to an adjournment. These questions could not be raised in this collateral proceeding. The judgment entry upon its face was regular, and it recites facts which gave the justice jurisdiction of the

persons of the defendants, as well as of the subject-matter in controversy. *Jacobson v. Miller*, 41 Mich. 90.

It was also claimed that certain erasures appeared upon the docket which the defendant had a right to inquire into. It appears that these erasures on the docket were outside the ruled lines containing the proceedings. The justice who rendered the judgment was a witness in the case in the circuit court after the docket was offered and received in evidence, and counsel for the defendant asked no questions of him in reference to such erasures. The trial court found from the facts appearing upon the trial that the judgment was valid. It will not do for counsel at this time to claim that such erasures cast a suspicion upon the validity of the judgment entry. The record here disproves the fact, and the finding of the circuit court is conclusive against such claim.

It is also claimed that the disclosure does not set forth that the party making it had authority to do so. It was made by Mr. J. E. Howard, who testifies that he is assistant treasurer of the railroad company, and makes the disclosure in its behalf, and that he has knowledge of the facts therein stated. This shows sufficient authority to make the disclosure.

It is further claimed that the disclosure is insufficient, for the reason that it was not made personally before the justice, but in writing, and filed with him. The statute (Act No. 175, Laws of 1885) provides that, whenever a corporation is summoned as garnishee,—

"The summons   *   *   *   may be served on the president, cashier, secretary, treasurer, general or special agent, superintendent (chief clerk), or other principal officer of such incorporation, and it shall be the duty of such officer so sued [served], or of the proper officer of such corporation having knowledge of the facts, to appear before the justice at the return-day of such summons; or, in case such corporation has its business office

in any township other than that in which said justice holds his office, to answer at his option, in writing, verified by his oath, before some person authorized to administer oaths, and transmit the same, by mail or otherwise, to the justice issuing said summons, on or before the return-day thereof, which shall be deemed a sufficient compliance with such summons."

It appears from the record that the business office of the garnishee defendant is in the city of Detroit. The disclosure made in writing, and so filed, was a sufficient disclosure under this statute. The objections made to the judgment are purely technical, and none of them have any force.

The judgment must be affirmed, with costs.

The other Justices concurred.