SHANK *v.* WOODWORTH.

1. Statute of Limitations—Amendment to Plea.

An application for leave to amend a plea of the general issue by giving notice of the statute of limitations is addressed to the discretion of the court, and its denial will not be reviewed on appeal.

2. Same.

The statute of limitations is not available as a defense unless notice thereof is given with the plea.

3. Discontinuance—Bar.

A mere discontinuance by the plaintiff is not a bar to another suit.

4. Justices of the Peace—Docket Entry—Settlement—Evidence.

A recital in the docket of a justice of the peace on discontinuing an action that the matters in issue have been settled is not evidence of such a settlement, as the statute does not require such an entry to be made.

Error to Ingham; Person, J. Submitted January 15, 1897. Decided February 18, 1897.

*Assumpsit* by Robert B. Shank against Electa Woodworth for goods sold and delivered. From a judgment for plaintiff, defendant brings error. Affirmed.

*Arthur D. Prosser*, for appellant.

*Sindlinger & Mosher*, for appellee.

GRANT, J.    Suit to recover $13.11 for goods sold and delivered. Plaintiff recovered verdict and judgment in justice and circuit courts.

1. The plea was the general issue. In the circuit court the case was continued over one term. At the next term, the case being ready for trial, defendant asked leave to amend her plea by giving notice of the statute of limitations. The motion was denied. This was within the discretion of the circuit court, and will not be reviewed upon appeal. *Ripley* v. *Davis*, 15 Mich. 75 (90 Am. Dec. 262).

2. It is urged that the evidence shows a claim barred by the statute of limitations, and that for this reason the court should have directed a verdict for the defendant. The statute can only be taken advantage of by plea. *Whitworth* v. *Pelton*, 81 Mich. 101.

3. It appears that plaintiff was in partnership with his brother when these goods were sold, that the firm sued the defendant, that the parties appeared, and on July 7, 1887, the justice made the following entry upon his docket: "The parties to this suit having settled the matters in issue since last adjourned day, this suit, on motion of the plaintiffs, was discontinued, with costs to the plaintiffs, taxed at $2.10." It is insisted that this was a bar to the present suit. A discontinuance by the plaintiff is not a bar to another suit. If there was a settlement, the justice's docket was not evidence of it. The statute does not require this entry. The justice testified that the settlement was made out of court, and he knew nothing

about its terms. *Tucker* v. *Rohrback*, 13 Mich. 73; *Franks* v. *Fecheimer*, 44 Mich. 177.

The judgment is affirmed.

The other Justices concurred.