## HALLETT *v.* GORDON.

1. CONTRACTS—JOINT UNDERTAKING—ACTIONS—PARTIES.
   Where two persons jointly contract with a third, both are necessary parties to an action on the contract against him.

2. SAME—BREACH OF WARRANTY—PRINCIPAL AND AGENT.
   Plaintiff, a married woman, brought suit against defendant for a breach of warranty in the matter of a sale of lands. It appeared that the lands were owned by a third person, in whose behalf defendant signed a land contract running to plaintiff and her husband. *Held*, that the facts did not necessarily establish a misjoinder or a fatal nonjoinder of parties, as plaintiff's husband might have been named in the instrument merely as an incident to the contract between his wife and defendant, and the latter, in making the deal, may have bound himself, relying upon his ability to secure ratification by the owner.

3. SAME—WRITTEN EVIDENCE—MODIFICATION BY PAROL.
   A contract of sale as evidenced by unambiguous writings cannot be modified by parol proof of a warranty.

4. SAME—SALE OF LAND—STATUTE OF FRAUDS—PART PERFORMANCE.
   Part performance of a contract for the sale of land, invalid because not in writing, does not make it valid, so as to permit an action at law for its breach.

### ON REHEARING.

ACTIONS—ASSUMPSIT—FRAUD AND DECEIT—PRINCIPAL AND AGENT
   Under 3 Comp. Laws 1897, § 10421, providing that in all cases

122    567
s122   573
122    567
s128   364
s128   365
s128   367
122    567
s81NW  556
s82NW  827
122    567
s81NW  556
s82NW  827
130   5  80
122    567
e136  5590
136    591
122    567
140   3  31
122    567
142   3193

where, by the fraudulent representations or conduct of any person, an injury is produced for which an action on the case for fraud or deceit may by law be brought, an action of *assumpsit* shall lie upon an implied promise of the wrong-doer to pay all just damages arising from his conduct, *assumpsit* may be maintained against an agent who makes fraudulent representations to induce a purchase of his principal's land.

Error to Livingston; Smith, J. Submitted October 24, 1899; decided January 23, 1900. Rehearing granted April 3, 1900; former order modified May 15, 1900.

*Assumpsit* by Jennie Hallett against Thomas Gordon, Jr., for a breach of warranty in the sale of land. From a judgment for plaintiff, defendant brings error. Reversed.

*William P. Van Winkle* and *Fred H. Warren*, for appellant.

*Eugene A. Stowe* and *Louis E. Howlett*, for appellee.

HOOKER, J. Gersham Hallett and the plaintiff are husband and wife, and on March 23, 1897, the plaintiff owned the house in which they dwelt, in the village of Howell. Being desirous of exchanging this property for a farm, they had a talk with one Allen about a farm occupied by him, and owned by a Mr. Newcomb, who lived in New York, and ascertained that Mr. Gordon was authorized to sell the same. They called upon Gordon, who looked at their dwelling, and expressed a willingness to exchange the farm for it, and an agreement was reached. The parties do not agree in all respects in regard to this, but it appears that the dwelling was deeded to Gordon, who paid them $200, with which to buy a team and some other articles, and gave them a land contract for the land in question, which he signed on behalf of Mr. Newcomb, the owner, and in a few days caused him to sign a duplicate of the same; both contracts being drawn at the same time, and both signed by plaintiff and

her husband,—both of them being parties to it.    It bound
Newcomb to sell the farm for $800, and to deed and
accept a mortgage when $400 should be paid.    It seems
to be conceded that there was a difference of $600 between
the prices agreed upon for the places, which, with the
$200 loaned, made $800, the price mentioned in the land
contract.    The plaintiff claims that this $200 was secured
upon the horses, and should not be a portion of the con-
sideration for the land, but we think this unimportant.
The plaintiff and her husband took possession of the prem-
ises at once, and this action is brought upon an alleged
breach of warranty.    The plaintiff claims that she was
induced to make the exchange upon the representation by
Gordon that a portion of the premises, at the time over-
flowed, was tillable, and that the place was worth $1,400,
and that such representation was false.    The defendant
denies the alleged representation.

The defendant raises a number of questions.    He says
that the evidence shows conclusively that the contract
was between Newcomb, on the one side, and Mr. and
Mrs. Hallett, upon the other, and therefore there is a non
joinder of a necessary party plaintiff, and that Newcomb,
and not himself, should be the defendant.    He asserts,
also, that there is no warranty proved, and that the action,
being *assumpsit*, will not support a recovery for deceit.
The declaration is in *assumpsit*.    The special counts, upon
which the plaintiff elected to stand, are based upon an
alleged breach of warranty.    Hence, if the defendant is
correct in saying that he was not a party to the contract,
there is manifestly no liability for a breach of warranty,
when he made no warranty.    And, again, if it was a
joint contract between the plaintiff and her husband,
there is a nonjoinder of the latter, which is fatal upon the
trial.    1 Saund. Pl. & Ev. (Am. Ed.) 10; *Burgess* v.
*Abbott*, 1 Hill, 476; *Hill* v. *Gibbs*, 5 Hill, 56; *Brown* v.
*Fifield*, 4 Mich. 322; *Monaghan* v. *Insurance Co.*, 53
Mich. 252; *Howe* v. *Hyde*, 88 Mich. 91; 15 Enc. Pl. &

Prac. 564. We must therefore ascertain whether the defendant is right in either of his contentions.

The negotiations between the parties were oral, and the writings do not of themselves show what the agreement was. All they show is that the plaintiff deeded the dwelling to Gordon for a consideration mentioned in the deed, and that a contract of purchase and sale was made between Newcomb, on the one side, and Mr. and Mrs. Hallett, upon the other. Unexplained, there is an implication of two transactions. It is shown, however, that these papers are merely the incidents of a verbal contract, and were executed and delivered to carry it out. And we find that, according to one party, Mrs. Hallett was making a deal with Gordon, while the other says she and her husband were dealing with Newcomb. Either might be true. Mr. Gordon might have agreed to make the exchange, relying on his ability to induce Newcomb to make a deed or a land contract; and, on the other hand, Gordon and Mrs. Hallett may have made a contract in which it was agreed that the land contract should go to herself and husband. So far as that question is concerned, it could only be treated as a question of fact, and upon its determination would depend the questions of nonjoinder and misjoinder.

In either case the real contract was oral, and the two writings were given in the way of performance, merely. They were incidents of a contract, given at a later time in furtherance of it. They do not purport to contain the terms of the contract, and it is agreed by all concerned that they do not. Their existence shows performance in whole or in part, and they do not conclusively show which. If it were not for the statute of frauds, requiring the contract to be in writing, parol proof would be admissible, under *Mouat* v. *Montague, ante,* 334; but, as it is, it places the plaintiff in the attitude of suing upon the breach of a contract which, under the statute, is void because not in writing, or, if it could be contended that the writings do constitute the contract, proving by parol a warranty not

contained in the written contract, which we have held in the case of *McCray Refrigerator, etc., Co.* v. *Woods & Zent,* 99 Mich. 269 (41 Am. St. Rep. 599), cannot be done.

It seems to have been contended in the original brief that, because the contract has been in part performed, the oral contract has become valid, and the door opened to a suit upon it, in which the warranty may be proved. It is true that part performance does take a case out of the statute to the extent of authorizing a court of equity to enforce a specific performance between the parties in cases where it can be equitably done. Equity takes jurisdiction because, although the contract is partly performed, the law cannot. It does not relieve in all cases,— *e. g.*, when a party has put it out of his power to perform, or where one cannot be put *in statu quo,* or where the rights of third parties have intervened; and in such cases the contract cannot then be treated as valid, and damages awarded in an action at law. We are not cited to authorities that a parol contract becomes valid through part performance, so that it will support an action for its breach.

The plaintiff's supplemental brief shows that it was her original claim in the case that the contract was void under the statute of frauds, for the reason that it ( *i. e.*, the contract for the sale of the farm) was signed for and on behalf of Newcomb by Gordon, who had no written authority to do so. It states further that thereupon a copy of such agreement, signed by Newcomb (to whom, defendant claimed, it was sent by arrangement of the parties for such purpose), was introduced, and that then "the plaintiff accepted the theory of the defendant, that the contract was a valid one, and not within the statute of frauds, and announced that she would ask a verdict upon the special counts for a breach of warranty." It states that "the theory of the defendant during the entire trial was that the contract was valid, and the plaintiff, by electing to ask a verdict upon the special counts, by so doing affirmed the contract." It is claimed that,

by signing the land contract, Newcomb ratified the entire original agreement. There is no doubt that, upon the defendant's theory, Newcomb did ratify the contract, and that it was his contract, and not the defendant's contract; and therefore there were no contract relations between the plaintiff and the defendant, who acted merely as an agent for Newcomb in the premises, and, there being no promise made by him, *assumpsit* would lie only against Newcomb, who did make such promises as were made.

But it is said that if this be Newcomb's contract, and not Gordon's, the plaintiff still has a right of action against Gordon, the agent, because of his fraud and deceit. Granting that, the declaration could not be *assumpsit* for the deceit. He should be sued in case, and might be sued separately, or jointly with participants in his fraud. See *Weber* v. *Weber*, 47 Mich. 569. When the action is brought against the contracting party, there may be cases where the action may be in tort for the fraud, or, by treating the fraudulent representations as warranties (when that can be done), *assumpsit* may be sustained. It is said that the distinction between actions in *assumpsit* and on the case has, however, been largely done away with, and the present doctrine is that the buyer may have his remedy by an action on the warranty, sounding either in tort or in *contract*. But, if that be granted, it can hardly be supposed that an action of *assumpsit* will lie when there is no *contract* (*i. e.*, no promise) between the parties. If we should say that the land contract was valid as to either,—and there is little doubt that it is so,—we should have to say that it contains no contract of warranty. But it is evident that the plaintiff is not relying upon any such, but upon another contract, out of which the writing grew, and of which the giving of the writing by Newcomb was in part performance.

The judgment must be reversed, and no new trial will be ordered.

The other Justices concurred.

## ON REHEARING.

PER CURIAM. A reference to the opinion filed on the original hearing will show that this cause went to the jury upon the theory of a breach of warranty in a contract. *Ante,* 568. It was reversed because the alleged contract was void under the statute of frauds. In discussing the case we said that there could be no recovery under this declaration for deceit, and that recovery in such a case for fraud could only be had in an action upon the case. Our attention is now called to a recent statute (3 Comp. Laws 1897, § 10421), which, though an innovation, illogical, and paradoxical, is not necessarily void. We should therefore correct the statement made in the opinion. It can make no difference with the result, however, except that a new trial should be ordered. This authority not having been cited either in the original brief or that furnished at the request of the court, no costs will be allowed upon the motion or rehearing.

The former order will be modified by directing a new trial.