BELLOWS v. BUTLER.

1. TRESPASS—CUTTING TIMBER—AGENCY—QUESTION FOR JURY.
Where, in trespass for cutting and removing timber, defendant claimed to have acted as agent of the owner, and with a view to saving the timber from destruction, and to have credited the owner with its value, but it did not conclusively appear that he was authorized to cut the timber, either expressly or as incident to his agency, it was error to direct a verdict in his favor.

2. STATUTE OF LIMITATIONS—PLEADING.
The statute of limitations must be specially pleaded to be available as a defense.

Error to Benzie; Chittenden, J. Submitted January 11, 1901. Decided June 17, 1901.

Trespass by Elwin Bellows and Adelbert Bellows, copartners as Bellows Brothers, against Digby B. Butler, for cutting timber. From a judgment for defendant on verdict directed by the court, plaintiffs bring error. Reversed.

*George Whitbeck* and *Smurthwaite & Fowler*, for appellants.

*D. G. F. Warner* and *Pratt & Davis*, for appellee.

LONG, J. It appears that Louis O. Medbury was the owner, in his lifetime, of about 1,077 acres of timber land.

in Benzie county.    He died June 2, 1892, leaving surviving him his widow and several children, all of whom were of age except one, who was represented by her mother, as guardian, in the conveyances hereinafter mentioned. Samuel Medbury, a son of Louis O. Medbury, represented the heirs in a sale of the lands made December 7, 1899, to the plaintiffs in this suit, the consideration for the deed being $9,800.    At and before the time of making the deed, it appears that some trespasses had been committed upon certain of the lands conveyed, and, either on the same day or a few days afterwards, the heirs executed a writing to the plaintiffs which recited that:

"*Whereas*, a large amount of timber lying and growing upon the said lands [describing them] has been cut, taken, and carried away by persons unknown . to said grantors, and without the knowledge and consent of said grantors, the legal heirs and representatives of said estate, and by the cutting, taking, and carrying away of said timber the said unknown persons have committed trespasses upon said lands: *Therefore*, as one of the conditions for the sale of the above-described lands to said Bellows Brothers, we, the legal heirs and representatives of said estate, do hereby sell, assign, and transfer to said Bellows Brothers all of our rights and interests in and to such action of trespass, or any other action for damages by reason of the cutting and carrying away of said timber prior to the said sale of the said lands that we, as the owners of said lands, have or might have against the said unknown persons."

After the execution of these papers, the plaintiffs, in December, 1899, commenced this action of trespass against the defendant, alleging trespasses to have been committed on, to wit, the 30th day of December, 1897, and on divers days and times between said date and the 7th day of December, 1899.    Trespass is alleged to have been upon the S. W. ¼ of the N. E. ¼, the E. ½ of the N. E. ¼, and the S. E. ¼ of section 29, in township 26 N., of range 15 W., Benzie county; and it is alleged that the timber taken was of the value of $2,500.    Another count is added to the declaration, charging that the defendant, with force and

arms, willfully cut and carried off said timber, and also alleging that under the provisions of section 11204, 3 Comp. Laws, the defendant forfeited to the plaintiffs, the owners of the premises, three times the amount of damage sustained by them.    The defendant pleaded the general issue, solely.    On the trial of the cause the plaintiffs introduced the deed in evidence, and also the paper writing conveying to them the right of action for the trespass. They also introduced testimony which we think tends to show that the defendant did commit some of the trespasses complained of, and removed some of the timber from the lands conveyed.    At the close of the testimony, the court directed verdict in favor of the defendant.    Plaintiffs bring error.

But two questions are presented by counsel for plaintiffs:

1. Was there some evidence tending to show that the trespasses were committed and timber taken away, for the value of which the defendant may be charged?

2. Were the plaintiffs, under the pleadings in the case, barred from proving the taking of timber prior to two years before commencement of suit?

1. The theory of the defendant on the trial was that he was the agent of the Medbury estate, and looking after the interests of that estate in the lands, and took the timber with the knowledge of Samuel Medbury; that a part of the timber was dead and down timber, and in danger of destruction by fire and decay; that where he took green timber it was so scattered about among the dead timber that in case of fire it would also be in danger of destruction; that when he took timber he credited the amount to the estate; that when he sold bark he credited the stumpage at what he got for it.    The amount to be credited does not appear to have been agreed upon between the parties, nor does it appear that the estate authorized the taking of the timber.    The value of the timber taken was a question to be determined by the jury. If defendant entered upon the land and removed the tim-

ber, it was a trespass, unless it was shown that it was done by the consent of the owner, or that, under the circumstances of his agency, he had the right to remove it. The court, we think, was in error in taking the case from the jury.

2. The plea was the general issue, and it is contended by counsel for plaintiffs that the defendant could not claim the benefit of the statute of limitations unless the same was pleaded. Section 9729, 3 Comp. Laws, provides:

"All actions for trespass upon land, or for assault and battery, or for false imprisonment, and all actions for slanderous words and for libels, shall be commenced within two years next after the cause of action shall accrue, and not afterwards."

This statute could be taken advantage of only by plea. *Shank* v. *Woodworth*, 111 Mich. 642 (70 N. W. 140); *Whitworth* v. *Pelton*, 81 Mich. 101 (45 N. W. 500).

For these errors, the judgment must be reversed, and a new trial ordered.

The other Justices concurred.