LOUDON *v.* CARROLL.

130    79
e136  ¹590

130    79
157   ¹686

1. PLEADING—JOINDER OF COUNTS—TORT—ASSUMPSIT.

A count for damages for fraud and deceit in a contract for the sale of land may be joined in a declaration with a count for money had and received to recover the purchase price, where the contract has been rescinded for fraud or mistake. *Hallett* v. *Gordon*, 122 Mich. 567, 573.

2. SAME—ELECTION.

Such counts are not inconsistent; both treat the contract as voidable; and the plaintiff will not be required to elect upon which count he will recover.

3. JURISDICTION—RESCINDED SALE.

Where a grantee wishes to rescind a sale for fraud or mistake, and tenders a reconveyance, he may recover the purchase price in an action at law.

Error to Grand Traverse; Mayne, J. Submitted February 19, 1902. (Docket No. 55.) Decided March 18, 1902.

*Assumpsit* by William Loudon against Frederick N. Carroll to recover the price paid for land. From a judgment for plaintiff, defendant brings error. Affirmed.

*Patchin & Crotser*, for appellant.

*Pratt & Davis*, for appellee.

HOOKER, C. J. The defendant, being owner of some timbered lands, deeded them to the plaintiff for a consideration of some $2,000. Subsequently the plaintiff, who bought the land for the timber, claimed that in estimating the stumpage a mistake was made, whereby his estimator went upon a different tract, containing a greater amount of timber than the tract that he was looking for; that this mistake was due to wrong directions given to him by defendant's foreman. He tendered back the deed and de-

manded the money paid, and this was refused.   The plaintiff then commenced this case by attachment.   His declaration contains two counts, alleging fraud and deceit on the part of the defendant and claiming damages.   To these were appended the common counts.   The plaintiff recovered, and defendant has appealed.

Two theories are set up by the declaration,—one that the defendant has practiced fraud and deceit, whereby upon rescission he became liable in damages; the other, that the contract has been rescinded for the fraud or mistake, and the plaintiff has thereby become entitled to recover the consideration.   Defendant says that the first are counts sounding in tort, and, being so, the action as to them is in form *ex delicto*, which cannot be joined with a count for money had and received to plaintiff's use. It may be that, upon demurrer, we should be compelled to hold that the special counts are not technically counts in *assumpsit;* but the charge made by them, and the damages sought to be recovered, might be made and sued for in *assumpsit*, and, these counts being filed in an attachment case, and joined with other counts clearly in *assumpsit*, we should treat them as such upon the trial, and therefore hold that there is not a misjoinder for the reason stated.   See *Hallett* v. *Gordon*, 122 Mich. 567, 573 (82 N. W. 827).

It is said these counts are inconsistent, but we think not. All treat the contract as voidable; some for fraud and deceit, and the others—*i. e.*, the common counts—for either fraud or mistake; and either justifies rescission and recovery of the contract price.   It was not the right of the defendant to require an election, as plaintiff might recover on either theory, unless there is something to prevent in the fact that this was an executed contract for the sale of land.

Counsel contend that equity alone has jurisdiction in such cases of rescission.   There is a plain distinction between a case where a grantor seeks to rescind a contract which he has executed by giving a deed when the grantee refuses to reconvey, and one where the grantee wishes

to rescind and tenders a reconveyance to that end.   In the former case the intervention of a court of equity may be necessary, because a court of law cannot afford adequate relief; but such is not the case in the other instance. There are cases which support the right to bring an action for the consideration after a tender of reconveyance of land, and no satisfactory reason for denying the application of the general rule in other cases suggests itself.   The case of *McKinnon* v. *Vollmar*, 75 Wis. 82 (43 N. W. 800, 6 L. R. A. 121, 17 Am. St. Rep. 178), is squarely in point, and *Newton* v. *Tolles*, 66 N. H. 136 (19 Atl. 1092, 9 L. R. A. 50, 49 Am. St. Rep. 593), is analogous.

We are of the opinion that the undisputed proofs show that the parties labored under a misapprehension of fact. Both understood that an attempt was made to ascertain the stumpage on given descriptions of land, and an estimate was made and acted upon by both upon the supposition that it was an estimate of the timber upon those lands. It is proved to a demonstration that it was not.   When discovered, plaintiff at once complained, and took steps within a reasonable time to rescind.   A verdict might have been directed for the plaintiff, and, as the amount of damages could not be in dispute, there was no necessity for the services of the jury, further than to formally render such a verdict as the court should direct.   Hence it is unnecessary to discuss other questions.

We find no error, and the judgment is therefore affirmed.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., did not sit.