FIRST NATIONAL BANK OF OVID *v.* STEEL.

1. FRAUD—PLEADING—JOINDER OF COUNTS—TORTS—ASSUMPSIT.
   In an action based on 3 Comp. Laws, § 10421, entitled "An act to provide for bringing actions of *assumpsit* in certain cases," permitting an action of *assumpsit* for fraudulent representations or conduct producing an injury for which an action on the case for fraud or deceit might be brought, special counts in *assumpsit* to recover damages arising from such fraud or deceit may be joined with the common counts.

2. SAME—CONTRIBUTION—CONSTITUTIONAL LAW—CHANGE OF REMEDY.
   The fact that such a construction of the statute, in an action brought against several defendants for a fraud perpetrated before its passage, might, on a general verdict, entitle one of the defendants, paying the judgment entered thereon, to con-

tribution against his co-defendants, to which he would not have been entitled at the time the tort was committed, does not render the statute unconstitutional, since a change in the law, giving a tort-feasor a right of contribution against his joint tort-feasors at any time before he has paid a judgment against himself and co-defendants, relates only to the remedy.

3. SAME—TITLE OF ACT—OBJECT.

Nor does such a construction of the statute offend against article 4, § 20, of the Constitution, providing that no law shall embrace more than one object, which shall be expressed in its title; since the general object of the statute is to authorize actions of *assumpsit* to recover damages for fraud, and, while a legislative purpose to give to judgments rendered on such causes of action some of the incidents of judgments in *assumpsit* is necessarily involved, it is the same, and not a different, object.

4. SAME—SUFFICIENCY OF DECLARATION.

Where in an action under 3 Comp. Laws, § 10421, to recover damages for fraud, it appears from the averments of the declaration that, while defendants took no part in making the contract which led to plaintiff's loss, their fraudulent representations were made for the purpose of inducing the contract, and did induce it, there is sufficient connection shown on the part of defendants with plaintiff's loss to render them liable.

5. STATUTE OF LIMITATIONS—DEMURRER.

The question of whether a cause of action is barred by the statute of limitations cannot be raised by demurrer.

Error to Clinton; Stone, J. Submitted April 12, 1904. (Docket No. 34.) Decided May 23, 1904.

*Assumpsit* by the First National Bank of Ovid against George A. Steel and David S. French to recover damages for fraud and deceit. From a judgment for defendants on demurrer to the declaration, plaintiff brings error. Reversed.

*A. G. Shepard* (*Lyon & Moinet*, of counsel), for appellant.

*H. E. & E. L. Walbridge*, for appellee Steel.

*William M. Smith*, for appellee French.

CARPENTER, J.  Plaintiff's declaration consists of the common counts in *assumpsit* and two special counts.  In each of the special counts plaintiff avers that it was induced by the fraud of defendants, in June, 1896, to loan money upon worthless security, and it seeks by each of these counts, by virtue of section 10421, 3 Comp. Laws, to recover in an action of *assumpsit* the loss resulting from said loan.  Defendants demurred to the declaration on the ground that the cause of action complained of in the special counts cannot be united with the common counts in *assumpsit*.  They also demur to the special counts.  The circuit court sustained the demurrer, and plaintiff seeks to review a judgment entered thereon.

The principal question involved relates to the claim of misjoinder of causes of action.  We have held (*Hallett* v. *Gordon*, 122 Mich. 567 [81 N. W. 556, 82 N. W. 827], *Id.*, 128 Mich. 364 [87 N. W. 261]) that the statute in question is a remedial statute, and may be used to recover upon causes of action existing when it took effect.  We also held in *Loudon* v. *Carroll*, 130 Mich. 79 (89 N. W. 578), that it permits counts based on this statute to be joined with other counts clearly in *assumpsit*.

Our attention is directed to some of the difficulties which may arise if this form of declaration is approved.  If one is permitted to recover at the same time under the common counts in *assumpsit* and for fraud under the special count, the general verdict will not indicate the amount of defendant's liability on these different counts.  If one of several defendants pays an entire judgment thus recovered, we are bound to preserve his right to demand contribution against his co-defendants for the cause of action enforceable on the common counts.  This we cannot do without giving him the right to enforce contribution on the cause of action for fraud recoverable on the special count.  That would give him a right which at common law he did not have, and which, when the cause of action arose before the statute passed, as in this case, he did not have at the time the fraud was perpetrated.  Defendants insist that

legislation giving such a right is unconstitutional. To this we cannot agree. We see no reason why the legislature may not, at any time before a wrong-doer has paid a judgment against himself and others, provide that he may have contribution therefor, though he did not have the same when the tort was committed. In our judgment, such a change in the law relates only to the remedy. Cooley, Const. Lim. (7th Ed.) p. 515.

It is also insisted that, if one who pays a judgment obtained for fraud under this statute has a right to contribution from his codefendants, the statute accomplishes two objects, viz., (*a*) it permits an action for fraud to be enforced by a declaration in *assumpsit*, and (*b*) it gives to the judgment thus obtained some of the incidents of a judgment in an action founded on contract, and for that reason the statute violates section 20 of article 4 of the State Constitution. We do not think this point well taken. The statute has only one general object. It relates only to actions for fraud, and provides that *assumpsit* may be brought to recover damages, and that the cause of action shall survive. There is necessarily involved in this object the legislative purpose to give to the judgments rendered on such causes of action some of the incidents of judgments in *assumpsit*. That, however, is the same, and not a different, object.

It results from the same reasoning that the act is not, as defendants insist, broader than its title.

There are difficulties in carrying out this legislation, as we have heretofore indicated (see *Hallett* v. *Gordon*, 122 Mich. 567 [81 N. W. 556, 82 N. W. 827]); but we do not think the statute is open to any constitutional objection.

It results from this reasoning that there is no misjoinder of causes of action.

Defendants demur to the special counts on several grounds. They claim there is no such connection between their alleged fraud and plaintiff's loss as to create a cause of action. It is true that a fair construction of the declaration indicates that defendants took no part in mak-

ing the contract which led to plaintiff's loss. But it does appear that the fraudulent representations of defendants were made for the purpose of inducing that contract, and did induce it. We think this indicates a sufficient connection on the part of defendants to make them liable. See *Stoney Creek Woolen Co.* v. *Smalley*, 111 Mich., at page 324 (69 N. W. 722).

Another ground of demurrer insisted upon is that plaintiff's cause of action was barred by the statute of limitations. This objection cannot be made by demurrer. *Renackowsky* v. *Board of Water Com'rs*, 122 Mich. 613 (81 N. W. 581).

We do not think that the other grounds of demurrer to the special counts are well taken, or that they demand discussion.

Judgment reversed, and a new trial ordered.

MOORE, C. J., GRANT and HOOKER, JJ., concurred. MONTGOMERY, J., took no part in the decision.