TOWNSHIP OF FOREST *v.* AMERICAN BONDING CO. OF BALTIMORE.

1. LIMITATION OF ACTIONS—PLEADING—DEMURRER.
    The statute of limitations as a defense must be pleaded; the objection cannot be raised by a demurrer to the declaration in an action at law.

2. PLEADING—PRINCIPAL AND SURETY—STATUTES OF LIMITATION—BONDS.
    The defense that an action on a surety bond for default of the treasurer of a township is barred by limitation of time fixed by the contract, cannot be presented by demurrer to the declaration.

Certiorari to Cheboygan; Shepherd, J. Submitted November 25, 1913. (Docket No. 56.) Decided March 28, 1914.

Assumpsit by the township of Forest against the American Bonding Company of Baltimore and Harry L. Sias on a surety bond. From an order overruling a demurrer to plaintiff's declaration, defendant bonding company brings certiorari. Affirmed.

*I. S. Canfield (Keena, Lightner, Oxtoby & Oxtoby,* of counsel), for appellant bonding company.

*C. S. Reilley,* for appellee.

McAlvay, C. J. Plaintiff brought suit against Harry L. Sias, formerly township treasurer of plaintiff township, and American Bonding Company of Baltimore, as defendants, upon a surety bond given to plaintiff by them as principal and surety as the official bond of such township treasurer. Defendant bonding company demurred to the first count of plaintiff's declaration. This demurrer was overruled, and the case is brought to this court for review, under Act No. 310, Pub. Acts 1905 (5 How. Stat. [2d Ed.] §§ 13737-8), upon a writ of certiorari by the demurring defendant.

The record consists of the pleadings and the return of the trial judge to the writ. The facts are not in dispute and, stated briefly, are as follows: Defendant Sias was elected treasurer of plaintiff township in April, 1907, and furnished a bond in the penal sum of $6,000, upon which the American Bonding Company became surety. It is claimed that Sias was short in his accounts with the township at the end of his term of office in April, 1908, $1,589.74. One Julius Gross was elected to succeed Sias in office in April, 1908, and held the office of treasurer of plaintiff township for two successive terms and until April 4, 1910, when Sias was again elected to the office of treasurer.

It is claimed by plaintiff in its declaration that Sias represented to the township upon his re-election in April, 1910, that Gross was in default as treasurer

in the sum of $1,693.30. October 11, 1910, said Forest township sued Gross and his surety upon his official bond, as treasurer, in the circuit court for the county of Cheboygan, which suit was tried in said court in March, 1911, resulting in a verdict for plaintiff against said Gross, of $103.56. Judgment upon the verdict in said suit was entered March 2, 1911. And it is claimed that at this trial the township for the first time knew that Sias was in default in the sum of $1,589.74, and this present suit was commenced by summons May 15, 1912.

The declaration in this case consists of a special count upon the bond given by Sias on April 27, 1907, for the ensuing year, and the bond is set up in full. To the special count in the declaration are added the common counts in assumpsit. The bond in form is a bond given by Harry L. Sias as principal and the American Bonding Company as surety, running to the township of Forest, Cheboygan county, Mich., and the employee mentioned in the bond was that of township treasurer of the township of Forest, conditioned to stand for his defaults in said office for a term of one year, as therein mentioned. It is alleged in the declaration, as shown by the return of the circuit judge, that the cause of action against Sias and petitioner had been concealed from said township, its officers and agents, and that due notice had been given by said township, its officers and agents, as soon as they became aware of the shortage, and that suit was commenced within one year thereafter.

The bond upon which plaintiff declared was not in form the bond required by the statute to be given by township treasurers, but is in form such a bond as is furnished by surety companies for an employee to his employer; these terms being used therein in reference to Sias, the treasurer, and the township of Forest. It was made and executed by the principal and surety

and was delivered by them, accepted and approved by the township board and by the supervisor of the township for its use and benefit, as and for the official bond of defendant Sias, as township treasurer, required by law. The material portions of this bond are as follows:

"Know all men by these presents: That Harry L. Sias, of Tower, Mich., the employee, as principal, and the American Bonding Company of Baltimore, hereinafter called the surety, as surety, are held and firmly bound unto township of Forest, Cheboygan county, Michigan, the employer, in the sum of six thousand ($6,000) dollars, to the payment whereof we bind ourselves, our heirs, legal representatives, successors and assigns.

"Signed and sealed, this twenty-seventh day of April, 1907.

"The condition of this obligation is: That the employee shall in the position of township treasurer, and in no other in the employer's service, make good to the employer, within sixty days, any loss sustained by the employer by larceny or embezzlement committed by the employee during a term commencing on the 22d day of April, 1907, at 12 o'clock noon, and ending upon the 22d day of April, 1908, at 12 o'clock noon."

This bond recites that it "is made, issued and accepted, or renewed, upon the following conditions." There are eight of these conditions, of which those material only are given, as follows:

"(3) That the surety's liability hereunder shall cease immediately as to subsequent acts of the employee from and after: (*a*) Discovery by the employer, his or its officers, of any default on the part of the employee."

The fourth condition provides that the employer shall immediately give notice to the surety, at its expense, by telegraph and registered letter, of the discovery of any default on the part of the employee, with full particulars.

"(5) That the employer's claim for default hereunder must be presented to the surety within six months from the date the responsibility of the surety for the employee's further acts ceased from any cause, and no suit or proceeding at law or in equity shall be brought after 365 days shall have passed from the date upon which the surety's responsibility for the further acts of the employee ceased."

The foregoing are the conditions relied upon by the defendant American Bonding Company in its demurrer to the special count. The reason urged before the circuit court for sustaining defendant's demurrer was that plaintiff's action was begun too late, which is expressed in the demurrer as follows:

"(3) Because said suit was commenced more than 365 days after the date when this defendant's responsibility as surety upon the further acts of said defendant Harry L. Sias had ceased."

"(5) Because the cause of action mentioned in the first count of said plaintiff's declaration, if any there be, did not, nor did any or either of them, accrue to the said plaintiff at any time within 365 days before the commencement of this suit."

Counsel for appellant, in its brief, first discusses the question whether the defense that the plaintiff's claim is barred by the limitations in the contract can be raised by demurrer, and seeks to distinguish the instant case from *Renackowsky* v. *Water Commissioners*, 122 Mich. 613 (81 N. W. 581), and *First Nat. Bank* v. *Steel*, 136 Mich. 588 (99 N. W. 786), by stating that in these cases such defense is not plainly evidenced by the declaration itself, while in the instant case the limitation of the action is provided in the contract.

The question is no longer an open one in this State. On both of the cases cited, which appellant seeks to distinguish from the instant case, it was held distinctly by this court:

"The general rule is that the statute of limitations

must be pleaded, and that the defense cannot be raised by demurrer." *Renackowsky* v. *Water Commissioners,* 122 Mich., at page 615 (81 N. W. 582).

See, also, *Whitworth* v. *Pelton,* 81 Mich. 98 (45 N. W. 500) ; *Shank* v. *Woodworth,* 111 Mich. 642 (70 N. W. 140). And later:

"Another ground of demurrer insisted upon is that plaintiff's cause of action was barred by the statute of limitations. This objection cannot be made by demurrer. (Citing above case [*First Nat. Bank* v. *Steel*].")

This appears to be the established doctrine in all but the Code States.

"In actions at law, as contradistinguished from actions under the Code, it has always been the established rule that if the defendant desires to avail himself of the statute of limitations as a bar to the demand in suit, he must plead the defense." 13 Enc. Pl. & Prac. p. 200.

It is therefore unnecessary to pass upon any of the other important questions presented by the briefs and which were apparently considered in the court below.

The judgment of the circuit court is affirmed, and the case will be remanded, and defendant permitted to plead within the usual time provided by rule.

Brooke, Kuhn, Stone, Ostrander, Bird, Moore, and Steere, JJ., concurred.