TOWNSHIP OF FOREST *v.* AMERICAN BONDING CO. OF BALTIMORE.

LIMITATION OF ACTIONS—OFFICIAL BOND—PUBLIC OFFICERS—BONDS.
A surety bond, given by a township treasurer to protect the township against loss, is an official bond, and, by eliminating as surplusage a provision in said bond fixing a shorter limitation than that fixed by section 9734, 3 Comp. Laws, is a good and sufficient bond in compliance with section 1408, 2 How. Stat. (2d Ed.), and a judgment thereon will be affirmed.

Error to Cheboygan; Shepherd, J. Submitted January 15, 1915. (Docket No. 26.) Decided September 28, 1915.

Assumpsit by the township of Forest against the American Bonding Company of Baltimore and Harry L. Sias on a surety bond. Judgment for plaintiff. Defendant bonding company brings error. Affirmed.

187 Mich.—42.

*I. S. Canfield* (*Keena, Lightner, Oxtoby & Hanley*, of counsel), for appellant.

*C. S. Reilley*, for appellee.

KUHN, J. This controversy has been before this court before, and a statement of the facts and the questions involved therein are sufficiently set forth in an opinion written by the late Justice McALVAY in the case of *Township of Forest* v. *Bonding Co.*, 180 Mich. 90 (146 N. W. 416). The case being remanded to the circuit court, the defendant filed its plea, wherein, in addition to the general issue, it gave notice of the claims mentioned in the opinion of this court, viz., that no notice was given to the bonding company within six months, and also that action was not begun within 365 days after the date when the defendant's responsibility for the further acts of defendant Sias had ceased. The trial in the circuit court resulted in a verdict against the defendant herein for $1,599.94, and judgment was duly entered thereon. The case being brought here by writ of error, the following questions are raised by appellant by proper assignments of error:

(1) Are the provisions in the bond limiting the time within which suit can be brought binding?

(2) Were certain rulings of the court during the trial and in charging the jury erroneous, calling for a reversal of the judgment in the court below?

That the bond here involved was an official bond, there can be no question, as it recites that the principal, in his position of township treasurer, shall make good to the township named as his employer, within 60 days, any loss sustained by the employer by larceny or embezzlement committed during a term commencing on the 22d of April, 1907, at 12 o'clock noon, and ending on the 22d of April, 1908, at 12 o'clock noon.

There also is no question that, if the bond was a private bond, the position taken by appellant would be tenable and sound. But we are of the opinion that a different rule must be said to apply to official bonds, and that no such bond can be given whose provisions are in contravention with the terms of our statutes applicable thereto. Treating the provisions in the bond limiting the time within which suit can be brought as surplusage, the bond then clearly would be a good and sufficient bond, in compliance with section 1408, 1. How. Stat. (2d Ed.). By eliminating these provisions as surplusage the scope of the contract entered into between the defendant and the plaintiff is not extended, but that part of the contract which seeks to give the defendant greater rights than it would have had if the bond had been strictly in compliance with the terms of the statute is given no effect.

In this State the statute of limitations with reference to personal actions upon a bond limits the time of commencing such actions to ten years. Section 9734, 3 Comp. Laws. When the defendant company became a surety on the bond of the township treasurer for the purpose of allowing him to handle the public funds, it must be presumed that, if it inserted any provision in such a bond that was contrary to the statute, such provision was void and must be treated as surplusage. As was said in the case of *State* v. *McGuire,* 46 W. Va. 328 (33 S. E. 313, 76 Am. St. Rep. 822) : "Courts struggle to make public bonds answer public justice." See, also, *United States Fidelity & Guaranty Co.* v. *Mc-Laughlin,* 76 Neb. 307 (107 N. W. 577, 109 N. W. 390).

We have carefully examined appellant's claim with reference to the exceptions taken to the rulings of the court during the trial, but are satisfied that no prejudicial error was committed by the court in these rulings, and this record does not disclose, in our opinion,

any basis for the criticism that the defendant did not have a fair and impartial trial.

The judgment should be, and is hereby, affirmed.

BROOKE, C. J., and STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.

This is a case assigned to the late Justice MCALVAY, remaining undetermined at the time of his death.