SPARKS *v*. DETROIT FIDELITY & SURETY CO.

1. Depositaries—Bonds—Limitations on Commencement of Action.

Provision of public fund depository bond limiting time within which to commence action against surety to period between 60 days and six months after default of principal, being in conflict with statutory mandate that bond be conditioned for the safekeeping and repayment of moneys deposited, *held*, invalid in action of assumpsit on the bond instituted more than six months after default (1 Comp. Laws 1929, § 1193 *et seq.*).

2. Subrogation—Depository Bond.

*Pro tanto* subrogation clause of county fund depository bond *held*, void where amount deposited exceeds total amount of bond and county has not been reimbursed in full (1 Comp. Laws 1929, § 1193 *et seq.*).

3. Depositaries—Principal and Surety—Interest.

Upon default of depository of funds deposited by county treasurer the debt becomes the obligation of the surety to the extent of the principal sum of the bond together with interest from the time of default of the principal (1 Comp. Laws 1929, § 1193 *et seq.*).

Appeal from Oakland; Simpson (John), J., presiding. Submitted April 26, 1934. (Docket No. 76, Calendar No. 37,677.) Decided July 2, 1934.

Assumpsit by Charles W. Sparks, Oakland county treasurer, Oakland County, a municipal corporation, and John C. Spaulding and Irvin Long, receivers, against Detroit Fidelity & Surety Company, a Michigan corporation, on a depository bond. Judgment for plaintiffs. Defendant appeals. Plaintiffs cross-appeal. Modified and remanded.

*Arthur P. Bogue,* Prosecuting Attorney, and *Robert D. Heitsch,* Assistant Prosecuting Attorney, for plaintiffs Sparks and Oakland County.

*Goodenough, Voorhies, Long & Ryan,* for plaintiff receivers.

*Friedman, Meyers & Keys (Sylvan Rapaport,* of counsel), for defendant.

North, J.   Plaintiffs brought this suit on a $50,000 depository bond given by the defendant incident to the deposit of funds of Oakland county in the Pontiac Commercial & Savings Bank.   At the time the bank failed, June 15, 1931, the county had on deposit $2,205,448.03.   There were six other depository bonds incident to this account.   They aggregated $825,000.   All were given in accordance with the statute governing the deposit of public moneys received by county treasurers.   1 Comp. Laws 1929, § 1193 *et seq.*   On trial before the court without a jury plaintiffs had judgment for $45,837.90.   Defendant appealed and plaintiffs perfected a cross-appeal.

Counsel for the respective parties agree that all questions presented by this appeal, except the one hereinafter considered, are controlled by our recent decision in *County of Oakland* v. *Central West Casualty Co.,* 266 Mich. 438.   It follows that in case plaintiffs' right to recover is sustained judgment should be entered for the full amount of defendant's bond ($50,000) together with interest thereon from the time the bank defaulted.

The bond in suit contains the following provision:

"That no suit, action or proceeding shall be brought or instituted against the surety upon or by reason of any default of the principal until after the

expiration of 60 days after such default or in no event after the expiration of six months after such default.''

This suit was not instituted until more than six months after the default and defendant pleaded in the trial court that plaintiffs' cause of action was barred by the above-quoted provision of the bond. Defendant's contention was overruled; and this ruling is assigned as error. We think the ruling was correct and is sustained by decision in *County of Muskegon* v. *Michigan Surety Co.,* 264 Mich. 65, from which we quote:

"It is contended that defendant was discharged from liability on the bond because timely notice of default was not served upon defendant in accordance with the terms of the bond. The requirement of notice conflicted with the statutory mandate that the bond be conditioned for the safekeeping and repayment of moneys deposited. The bond was a public bond and the provisions as to notice were surplusage. See *Township of Forest* v. *American Bonding Co.,* 187 Mich. 657. Although cancellation and *pro rata* provisions may be described as consistent with the statute in that they affect the penalty rather than the conditions of the bond, it is clear that a requirement of notice adds a condition precedent to liability. No showing was made of any injury resulting to defendant from lack of notice. *Grinnell Realty Co.* v. *General Casualty & Surety Co.,* 253 Mich. 16.''

In view of our decision in *County of Oakland* v. *Central West Casualty Co., supra.* it must be held that the trial judge was in error in holding that the *pro tanto* subrogation clause in the bond was valid and also in holding plaintiffs were not entitled to recover interest.

The judgment entered in the circuit court will be vacated and one entered there, in accordance herewith. The case is remanded. Plaintiffs will have costs.

NELSON SHARPE, C. J., and POTTER, FEAD, WIEST, and EDWARD M. SHARPE, JJ., concurred. BUTZEL and BUSHNELL, JJ., did not sit.