JOHN BUEHLER v. LOUIS DeLEMOS, DEMAS ST. LOUIS, AND JOHN H. LEY.

*Writ of error—Appeal-bond—Judgment against surety—Attachment—Affidavit—Service—Joint debtors.*

1. Under a writ of error bringing up the judgment record in a suit appealed from justice's court, in which judgment was rendered at the circuit against the surety in the appeal-bond under the statute, errors assigned upon the refusal of the circuit court to vacate the judgment as to the surety upon his petition and accompanying affidavits cannot be considered.

2. A return by an officer to a writ of attachment, issued against two joint debtors, that he had attached the goods of one of them, upon whom he had made personal service, and that after diligent attempts he was unable to find the other defendant in his county, and had left a certified copy of the attachment and inventory with the defendant in whose possession he found the attached goods, the other defendant having no last place of residence in the county, is in accordance with How. Stat. § 6841, and authorizes the justice to proceed under How. Stat. § 6845[1].

3. An averment in an affidavit for attachment that there is a debt due to the plaintiff from the defendants upon express and implied contract is equivalent to averring that the debt is due upon express and upon implied contract, and is sufficient.

Error to Wayne. (Brevoort, J.) Argued January 9, 1891. Decided February 6, 1891.

*Assumpsit.* Defendants bring error. Affirmed. The facts are stated in the opinion.

*John W. A. S. Cullen,* for appellants, contended:

1. Defendant Ley was entitled to have an issue of fact framed, under which he might be able to maintain by due proof the

[1]See *Langtry v. Wayne Circuit Judges,* 68 Mich. 451, holding that personal service of a justice's writ of attachment, unless made after levy and accompanied by the statutory inventory, is insufficient to give jurisdiction over the defendant.

terms on which he signed the appeal-bond, as set forth in the first assignment of error (a)[1], and he cannot be deprived of his rights in the premises by the mere *ex parte* entry of a judgment under How. Stat. § 7029; citing *Evers v. Sager*, 28 Mich. 47; *Hessell v. Johnson*, 63 Id. 623.

2. Counsel cited, in support of the second assignment of error (b), *Woodin v. Durfee*, 46 Mich. 424, 426; *Gunn v. Geary*, 44 Id. 615; *Hessell v. Johnson*, 63 Id. 623.

3. In support of the objection that the affidavit is defective in averring that the indebtedness was due upon express and implied contract, counsel cited *People v. Blanchard*, 61 Mich. 478, 480, and cases cited.

*Dickinson, Thurber & Stevenson*, for plaintiff, contended for the doctrine stated in the opinion.

CHAMPLIN, C. J. This suit was commenced by attachment before a justice of the peace for the county of Wayne, and resulted in a judgment for the plaintiff. Defendant St. Louis appealed to the circuit court. The bond on appeal recited that "we, Demas St. Louis, as principal, and John H. Ley and Fred Holcomb, as sureties, * * * are held," etc., and was in the ordinary form, containing the condition required by statute, and was signed by Demas St. Louis and John H. Ley, but not by Fred Holcomb. John H. Ley appeared before the justice, and justified as to his responsibility under oath by affidavit subscribed by him and sworn to before the justice, and the justice certified as follows: "I hereby certify that the sureties in the foregoing bond justified their pecuniary responsibility as such on oath,"—which certificate was dated, and signed by the justice. The date of the certificate is the same as that of the bond and of the justification of Ley.

In the circuit court the plaintiff again had judgment, which under the statute was rendered against the defend-

---

[1]See *Stringer v. Dean*, 61 Mich. 196, 202, for a case on this subject.

ants, DeLemos and St. Louis, and the surety in the appeal-bond. The judgment was entered on June 12, 1888. Ley then filed a petition in the circuit court for the county of Wayne, supported by his own affidavit, and those of his attorney, John W. A. S. Cullen, and Demas St. Louis, setting up that the judgment in the circuit court was rendered against him without notice, and that the first knowledge he had of it was in the latter part of February or the first part of March, 1890; that he signed the appeal-bond under the express agreement with Demas St. Louis that Fred Holcomb should also sign such bond as surety, and that he would not have signed it otherwise; and that he saw Holcomb's name as surety in said bond when he signed and justified, and supposed that the bond would not be used or delivered until Holcomb had also signed, so as to be jointly liable with him, and supposed and believed that Holcomb had signed the bond until the time last above mentioned; that a gross injustice has been done him by using said bond as an appeal-bond, with his name as the only surety thereon,—and asking the circuit court to vacate said judgment as against him, leaving the plaintiff to his remedy by suit at law upon the bond. The application was denied by the circuit court, and the case is brought here by writ of error.[1]

The only errors which can be considered upon the

[1] The record consisted of the proceedings had in justice's court and in the circuit court, including the petition to vacate the judgment in the latter court as to the surety, and the affidavits in its support, and the order of denial, there being no bill of exceptions in the case. The errors assigned, aside from those specifically referred to in the opinion, were, in substance, that the court erred in rendering judgment against the surety, because—

a—He never became liable on the appeal-bond, having signed it on the express condition and understanding that the co-surety therein named should also sign the bond, which was only to become operative when such signature was affixed.

b—The bond shows that it was never perfected by such signature, and withal was a bond referring to a judgment in favor of the plaintiff, and against Demas St. Louis alone, and did not refer to a judgment against both of the defendants.

record, if any, are those which go to the jurisdiction of the justice over the persons of the defendants. The particular grievances mentioned in this petition of Ley cannot be raised upon writ of error.

It is claimed by plaintiffs in error that the justice's court did not acquire jurisdiction over the person of Louis DeLemos on account of insufficient service of the attachment. The record shows that personal service was made upon Demas St. Louis, and that the officer attached the goods of Demas St. Louis, and that after diligent attempts to find the defendant Louis DeLemos he could not find him in Wayne county, and left a copy of the attachment and inventory, duly certified by him, with Demas St. Louis, in whose possession he found the goods attached, the said Louis DeLemos having no last place of residence within the county. The return of service appears to have been in accordance with How. Stat. § 6841, and the court, in case of two joint debtors, is authorized to proceed, if personal service is had upon one, by section 6845.

The further objection, that the affidavit was void in stating that there was a debt justly due the plaintiff from Louis DeLemos and Demas St. Louis upon express and implied contract, is not good. If it were in the disjunctive it would be bad; but it is equivalent to saying that the debt is due upon express contract and upon implied contract, which would be the sense if a comma were inserted after the word "express;" and if it would be good with a comma inserted, it is good without.

We think the judgment of the circuit court should be affirmed, without prejudice to any remedy the surety may have for relief in a proceeding, where his claim for relief may be brought before a proper forum. Judgment affirmed.

The other Justices concurred.