RUFUS H. EMERSON AND ZENAS C. ELDRED, RECEIVERS, ETC., v. THE DETROIT STEEL & SPRING COMPANY, AND SAME v. JOHN J. SPEARMAN ET AL.

[Two cases.]

*Attachment—Sufficiency of affidavit—Amendment—Amount due—Fraud—Dissolution—Equity jurisdiction—Assignment for benefit of creditors.*

1. The assignee of an insolvent debtor has no right to intervene in an attachment suit, and move for the dissolution of the writ as affecting the assigned property.[1]
2. The assignee of an insolvent debtor may file a bill to set aside an unauthorized attachment of the assigned property, and the equity court has jurisdiction to grant the relief prayed for.[2]
3. The use of the disjunctive "or," in an averment in an affidavit in attachment that the defendant "fraudulently contracted

[1] See *Savings Bank v. Barnes*, 100 Mich. 1, subd. of note, "Who May Apply for Dissolution."
[2] See *Turner v. Hatch*, 100 Mich. 65.

| | |
|---|---|
| 100 | 127 |
| 100 | 448 |
| 100 | 127 |
| 101 | 390 |
| 100 | 127 |
| 104 | 354 |
| 100 | 127 |
| 106 | 348 |
| 100 | 127 |
| 109 | 614 |
| 100 | 127 |
| 110 | 18 |
| 100 | 127 |
| 117 | 665 |
| 100 | 127 |
| 119 | 200 |
| 100 | 127 |
| f126 | 182 |
| 100 | 127 |
| d128 | 366 |
| 100 | 127 |
| 134 | 8 82 |
| 100 | 127 |
| 138 | 5194 |
| 100 | 127 |
| 144 | 5264 |
| 100 | 127 |
| 158 | 7168 |

the debt *or* incurred the obligation respecting which the suit is brought," will not invalidate the affidavit.

4. An averment in an affidavit in attachment that there is a debt due to the plaintiff from the defendant "upon express contract and implied contract" is equivalent to averring that the debt is due upon express and upon implied contract, and is sufficient; citing *Buehler v. De Lemos*, 84 Mich. 554.

5. An affidavit in attachment in favor of a copartnership doing business under the firm name of the Spearman Iron Company did not state the names of the partners, but did show that the Spearman Iron Company was located at a certain place, that the affiant was its agent, and that it was the concern with which the defendant had the dealings which were the basis of the suit. And it is held that, under the holding in *Barber v. Smith*, 41 Mich. 138, the real plaintiff was sufficiently denoted by the affidavit, and that an amendment showing the names of the plaintiffs was permissible.

6. It was not intended by what was said in *Freer v. White*, 91 Mich. 74, where it was held that an affidavit in attachment is not amendable in a matter of substance, to overrule *Barber v. Smith*, 41 Mich. 138, where it was held that attachment proceedings in favor of copartners whose surnames only are given in the affidavit and writ, but who are described as being partners, and declared to be doing business under a firm name made up of said surnames, and whose place of business is specified, and who are mentioned as being clients of the affiant, and as having a claim against the defendant for a specified amount, are not void, but may be amended, and the Christian names of the partners inserted, by leave of the court.

7. Where, in proceedings for the dissolution of attachments based upon the claim that the indebtedness sued for was fraudulently contracted, it appears that the reports of a commercial agency, upon the strength of which the credit was extended, were based upon the sworn reports of the defendant corporation to the Secretary of State, and that said reports were false, and could have been made for no other purpose than that of establishing a false credit, said claim is sufficiently established.

8. Vendors who were induced to sell goods upon credit by the fraudulent representations of the vendee cannot, upon discovering the fraud, declare the debt due, and sue in *assumpsit* for its recovery; citing *Galloway v. Holmes*, 1 Doug. 330.

9. Where, in proceedings in equity by the assignee of an insolvent debtor to dissolve attachments of the assigned property, it appears that only a portion of the indebtedness was due when the attachment suits were commenced, and there is nothing

to indicate any fraudulent intent on the part of the plaintiffs in averring the amount of their claims, or any collusion between them and the debtor, their liens will be sustained for the amount so due, it appearing that there was sufficient cause for the issuance of the writs.

Appeals from Wayne. (Hosmer, J.) Argued February 13, 1894. Decided April 17, 1894.

Bills to set aside attachments. Defendants appeal. Decrees modified. The facts are stated in the opinion.

*Thomas A. Wilson* (*Edwin F. Conely*, of counsel), for complainants.

*Moore & Moore* (*William H. Wells*, of counsel), for defendants.

MONTGOMERY, J. The complainants were, after the making of a common-law assignment by the George T. Smith Middlings Purifier Company, appointed by the circuit court in chancery to act as receivers for the assigned estate, and in that capacity filed two several bills against the two defendants named, asking to have attachments which had been sued out by the defendants herein against the property of the purifier company set aside, upon the grounds—First, that the proceedings were so irregular as to render the attachments invalid; and, second, that there existed no sufficient ground for suing out an attachment at the time the affidavits were sworn to.

The defendants contended that the court of chancery has no jurisdiction to set aside an attachment at the suit of an assignee for the benefit of creditors. The precise question was before the Court in *Byles v. Rowe*, 64 Mich. 522. Justices CHAMPLIN and SHERWOOD held that the assignee had such a right, Mr. Justice CHAMPLIN placing his decision on the ground that the assignee is a represent-

ative of creditors, and in that position is entitled to question the priority of such lien, while Mr. Justice SHERWOOD reached the same result by a somewhat different process of reasoning. Chief Justice CAMPBELL dissented wholly, and Mr. Justice MORSE expressed no opinion upon the question here involved. We are satisfied that the conclusions of Mr. Justice CHAMPLIN are consonant with reason and authority, and should be followed. A common-law assignee under our statutes is a representative of creditors. He is, in effect, a lienholder in trust for creditors. It is settled that a subsequent attaching creditor may have relief in equity against an unauthorized attachment by another. *Hale v. Chandler*, 3 Mich. 531; *Hinchman v. Town*, 10 Id. 508; *Edson v. Cumings*, 52 Id. 52. And we are convinced that an assignee for general creditors should have the same remedy. Any other rule would result in this: That property seized by an unauthorized attachment may be reached by a subsequent attaching creditor, but it cannot be distributed *pro rata* among all creditors. It is suggested that the assignee has the right to intervene in the suit at law, but the contrary was held in *Gott v. Hoschna*, 57 Mich. 413. See, also, *Rowe v. Kellogg*, 54 Mich. 206.

Numerous objections are made to the regularity of the attachment proceedings.

The affidavits, after stating that defendant is justly indebted to the plaintiff upon contract, etc., each state that the defendant fraudulently contracted the debt *or* incurred the obligation respecting which the suit is brought, using the language of the statute. It is contended that the use of the disjunctive "or" renders the affidavit invalid. We hold the affidavit sufficient in this respect. The incurring of an obligation under the statute can be nothing other than contracting an indebtedness, in a case

where the suit is brought, as it must be under the statute, upon contract, and where the affidavit shows that it is brought upon contract. If the defendant incurred an obligation, it was an obligation to pay money. Each phrase expresses the same thing in a different way. The distinction between the cases where the use of the disjunctive renders the affidavit invalid and those in which it does not is well stated in Drake on Attachments, at section 102: "Where the disjunctive 'or' is used, not to connect two distinct facts of different natures, but to characterize and include two or more phases of the same fact, attended with the same results, the construction just mentioned [that is, rendering the affidavit void for uncertainty] would be inapplicable." See, also, cases cited in note, and Wap. Attachm. p. 98.

It is suggested that an expression in one of the affidavits, stating that the debt is due to plaintiffs from defendant "upon express contract and implied contract," is as indefinite as the use of the word " or " would be. We do not see how this can be maintained. The statement shows affirmatively the indebtedness, and that the same is due upon express and upon implied contract. The question is ruled by *Buehler v. De Lemos,* 84 Mich. 554.

In the case of the Spearman Iron Company the affidavit did not state the names of the copartners, and it is claimed that this was fatal. It did appear, however, from the affidavit that the Spearman Iron Company was located at Sharpsville, Penn.; that Benjamin R. Van Court was its agent; and that it was the concern with which the defendant had the dealings which were the basis of the suit. We think, under the holding in *Barber v. Smith,* 41 Mich. 138, that the real plaintiff was sufficiently denoted by the affidavit, and that an amendment showing the names of the plaintiffs would have been permissible. The

defendant appeared and pleaded, and the plaintiffs proceeded to judgment. If there was any mere irregularity in the making of the amendment, we do not think the complainants are in position to take advantage of it.

The case of *Freer v. White*, 91 Mich. 74, is relied upon as establishing the doctrine that an affidavit in attachment is not amendable. It is true that the Court held in that case that the affidavit was not amendable, but the amendment in that case was in matter of substance. The affidavit did not of itself furnish the means of rendering its statements certain. It was said of the averment that it was jurisdictional, and that it was necessary to the validity of the affidavit that such averment be made in such form that perjury could be predicated upon it if false. If that test be applied here, the fraudulent contracting of indebtedness is sufficiently shown to admit of a prosecution for perjury, if the statements of the affidavit are untrue. It was not intended in what was said in *Freer v. White* to overrule *Barber v. Smith*, and we think the present case falls within the latter.

The next question was whether there were grounds for attachment. We think there was sufficient to show that the indebtedness was fraudulently contracted. It sufficiently appears that Dun's reports were based upon the sworn reports of the company to the Secretary of State; that both the plaintiffs in attachment extended credit upon the strength of these reports; and we are satisfied that these statements of the company were false, and could have been made with no other purpose than that of establishing a false credit. The statement in January, 1888, showed a total of liabilities of but $15,341, and net assets of $1,007,-301. The statement for 1889 showed assets of $1,154,590, and liabilities, $66,811. The bill alleges that the company had become insolvent on the 14th day of January, 1890,

and made a common-law assignment for the benefit of creditors. It is suggested that, whether the reports were true or not, it does not prove an intent not to pay for the goods. But it is sufficient, to constitute a fraudulent contracting of indebtedness, to make false statements relating to one's financial ability, which are material, and which lead the other contracting party into an engagement which he would not have undertaken but for such false statements.

It appears that but a portion of the indebtedness was due in each case at the time the affidavits were made. It is contended by the defendants here, who are plaintiffs in attachment, that they had the right, upon discovering the fraud, to declare the debt due. But this course was not open to them. See *Galloway v. Holmes,* 1 Doug. 330. It is suggested that, as a fraud was perpetrated upon the creditor, he would have the right to waive the tort and sue in *assumpsit.* But we are aware of no case which authorizes a party to first turn a contract into a tort, and then shift it back into the form of a new contract other than the original one.

It is contended by the complainants that the defendants, by including a demand not due, debarred themselves from priority as to all of their demand. There is nothing to indicate any fraudulent intent on the part of the plaintiffs in attachment in averring the amount of their claims. There was certainly no collusion between them and the debtor. We think, under the circumstances, the question is ruled by *Hinchman v. Town,* 10 Mich. 508. See, also, *Dawson v. Brown,* 12 Gill & J. 53; *Boarman v. Palterson,* 1 Gill, 372; and *Gross v. Goldsmith,* 4 Mackey, 126. It would render proceedings in attachment very precarious if it should be held that, in averring the amount due, the entire attachment should fail if, upon a subsequent trial of the question of fact, it should be determined, either as

a matter of law or a matter of fact, that the plaintiff in attachment was mistaken.

The decree of the court below will in each case be modified. The plaintiffs in attachment will be declared entitled to a lien under their attachment proceedings to the extent of the amount due at the time of the issuing of the attachments, together with interest and costs of the attachment suits. As to the amount not due, the complainants will be entitled to have the lien under the attachments vacated, and will be entitled to recover costs of the court below. Defendants will recover costs in this Court.

The other Justices concurred.