BEDIER v. FULLER.

1. FRAUD—ACTIONS—ASSUMPSIT.

One who, having been induced by fraudulent representations to sell property for less than its real value, under the advice of counsel, and with full knowledge of the facts, makes a sale of a purchase-money mortgage received by him, thereby affirming the contract, cannot afterwards maintain an action of *assumpsit*, based upon an implied contract, to recover the avails of the property in the hands of the grantee.

2. SAME—STATUTES—PENDING LITIGATION.

Act No. 195, Pub. Acts 1897, permitting an action of *assumpsit* in all cases where, by the fraudulent representations or conduct of any person, an injury has been produced for which an action on the case for fraud or deceit may be brought, does not affect litigation pending on appeal when the act took effect.

Error to Wayne; Hosmer, J. Submitted October 13, 1897. Decided March 15, 1898.

*Assumpsit* by Josephine Bedier against Jay Fuller, Hiram D. Willmarth, and Dennis J. Reaume for money had and received. From a judgment for defendants on verdict directed by the court, plaintiff brings error. Affirmed.

*Fred A. Baker*, for appellant.

*John D. Conely*, for appellees Fuller and Willmarth.

*Levi T. Griffin*, for appellee Reaume.

MOORE, J. This cause was commenced by attachment. The declaration is in *assumpsit*. It contains all the common counts, and, in addition thereto, a special count. A demurrer was interposed to the special count, and was sustained, and was afterwards affirmed in this court. To the other counts, the plea of general issue was interposed,

with a notice that the matters declared upon were *res judicata*. The attorney for the plaintiff made an opening statement of what he expected to prove. Upon the conclusion of his statement, upon motion of defendants, the court directed a verdict in favor of defendants.

The parties to this action have been in this court twice before. The first time the plaintiff filed a bill in chancery, to have a deed set aside upon the ground of fraud and misrepresentation. Her bill was dismissed, and, upon appeal, the decree was affirmed. The case is *Bedier* v. *Reaume*, 95 Mich. 518. After the chancery case was ended, this proceeding was begun. As already stated, defendants demurred to the special count in *assumpsit*. The demurrer was sustained, and the case in this court is *Bedier* v. *Fuller*, 106 Mich. 342. In the last-named case there is a full statement of what was contained in the special count, and a reference to the two cases will make it unnecessary to make a very long statement here in order to understand the questions involved.

In addition to what is contained in the special count, counsel offered to prove, in substance, that in April, 1891, a brother of the plaintiff filed a bill to partition the real estate, and that such proceedings were had thereunder that a portion of the real estate was sold, and there was left in the hands of the commissioner, to be paid to the plaintiff or to Mr. Reaume, $2,500.89. He also stated that proceedings were had to partition the farm property, which resulted in defendant Reaume obtaining title in fee simple, subject to the right of dower of the widow, to 82 acres of land, in the place of an undivided one-sixth interest in 400 acres, which he had before the partition was made. No appeal was made from the order directing the payment of the $2,500.89 or from the partition proceedings. It is now the claim of the plaintiff that she can waive the tort, and recover in *assumpsit*, not only the $2,500.89 paid to Reaume, as before stated, and a sum of about $360 received for rent, but also for the value of the 82 acres, which was fixed by the commissioners in the

partition proceedings at $4,087.40. It is the claim of the plaintiff that when Reaume exchanged his undivided interest in the 400 acres of land for the title in fee, subject to the dower right of the widow, to 82 acres of land, which was valued at a fixed sum, it was equivalent to his having received so much money, and therefore *assumpsit* could be maintained for all of these items.

It is doubtless true that, when one who has been led to make a contract by fraudulent representations discovers the fraud, he may affirm or disaffirm it; but he cannot affirm it in part and disaffirm it in part. If he affirms it, and asserts the fraud, he could doubtless retain what he had received, and, in the proper action, recover for the damages sustained by reason of the fraud; but it would be anomalous to say that he can affirm the contract, and at the same time recover as for an implied promise in *assumpsit*. Plaintiff having affirmed the contract, it cannot be said that the property transferred by her continued to be hers; therefore no implied promise could be presumed to pay the avails of the property upon the theory that the money which was received was hers. We think the case is controlled by *Bedier* v. *Fuller*, 106 Mich. 342.

It is suggested by counsel that Act No. 195, Pub. Acts 1897, if properly construed, authorizes the plaintiff to maintain this action. This act did not become operative until long after this case was decided in the court below. There is nothing in the act to indicate that it was intended to affect pending litigation, so that there is no necessity for giving the act a construction, further than to say that its provisions do not apply to this case, which was commenced long before the act became a law.

Judgment is affirmed.

MONTGOMERY, HOOKER, and LONG, JJ., concurred. GRANT, C. J., did not sit.