## CITIZENS' STATE BANK OF STURGIS *v.* McGRAFT LUMBER CO.

122   573
128   365

CORPORATIONS — MORTGAGES — AUTHORITY FROM STOCKHOLDERS — STRICT COMPLIANCE — WAIVER — EXECUTION CREDITORS.

    That a mortgage given by the officers of a corporation to secure certain of its outstanding obligations was not strictly within the terms of the resolution of the stockholders authorizing a mortgage to be given, the resolution apparently contemplating a new loan, can be taken advantage of only by the corporation or its stockholders; therefore, where the stockholders see fit to waive the departure, and to recognize the instrument as valid, an execution creditor of the corporation

is not in position to raise the question, when brought in as a party defendant upon a bill to foreclose the mortgage. *Beecher* v. *Mill Co.*, 45 Mich. 103, followed.

Appeal from St. Joseph; Yaple, J.    Submitted October 24, 1899.    Decided January 23, 1900.

Bill by the Citizens' State Bank of Sturgis against the Sturgis Fair Association to foreclose a mortgage. The McGraft Lumber Company and others were made parties as subsequent incumbrancers.    From a decree for complainant, defendant lumber company appeals.    Affirmed.

*Charles A. Sturgis* (*H. P. Stewart,* of counsel), for complainant.

*L. N. Keating,* for appellant.

Montgomery, C. J.    This is a bill filed to foreclose a mortgage given by the Sturgis Fair Association to the complainant on the 29th of July, 1893, to secure certain outstanding obligations.    The defendant McGraft Lumber Company is made defendant as a subsequent purchaser or incumbrancer.    A considerable number of questions are discussed, but the controversy may be narrowed by a statement.    The fair association is organized under Act No. 6 of the Public Acts of 1889.    By section 9 of this act it is provided that:

"Said corporation shall also have power, when authorized by a majority vote of the stockholders present at any regular or special meeting, called as in the by-laws provided, to borrow money, and secure the same by mortgage on its property."    2 Comp. Laws 1897, § 6955.

It appears that a meeting of the stockholders was held on the 12th day of July, 1893.    A resolution was adopted, reading as follows:

"*Whereas,* it appearing to the stockholders of the Sturgis Fair Association, at their regularly-called special meeting, that there is an indebtedness against the said association of about $18,000, secured by the individual

indorsement of the directors:  *Therefore*, be it resolved by the stockholders of said association that mortgage indentures be executed upon the real estate of said association for a sum not exceeding $13,000, bearing a rate of interest not exceeding 7 per cent. per annum, payable semi-annually in advance, and that the president and secretary of this association be, and are hereby, authorized to negotiate the said mortgage loan, and to execute the said mortgage or mortgages, and the necessary promissory notes, for and in the name of the said association."

No new loan was effected, but on the 29th of July a mortgage was given as collateral security to three notes held by the complainant, upon which the association was liable either as maker or guarantor, one of which was past due; the condition of the mortgage being that the notes be paid on the 1st day of August, 1893.   The defendant Mc-Graft Lumber Company, on the 11th of July, 1894, recovered a judgment of $414.92, and $23.15 costs, against the association, and thereafter levied an execution on the mortgaged property, and became a purchaser at the execution sale.

It is contended that the mortgage given is not, in its terms, the one authorized by a vote of the stockholders, and that it is void as to defendant McGraft Lumber Company.   It is true, the execution of the mortgage did not strictly follow the power, but it appears that the corporation never repudiated the mortgage; that it paid interest on the obligations it secured, and does not now, nor does any stockholder, contest the validity of the mortgage. The case is not distinguishable in principle from *Beecher* v. *Mill Co.*, 45 Mich. 103.   In that case it was held that a similar provision of statute was enacted for the protection of the stockholders; that the mortgage was not void, but voidable; and that, where the stockholders chose to waive the formalities required by statute, an execution creditor could not attack the validity of the mortgage. See, also, *Hervey* v. *Railway Co.*, 28 Fed. 169; *Campbell* v. *Mining Co.*, 51 Fed. 1; 5 Thomp. Corp. § 6165; 2 Cook, Stock, Stockh. & Corp. Law, 1264.   The defend-

ant's counsel cites, in support of his contention, *McKee* v. *Railway Co.*, 41 Mich. 274, and *Kendall* v. *Bishop*, 76 Mich. 634. In the *McKee Case* the complainant was not a creditor of the corporation, but accepted bonds of the corporation as collateral to an obligation owing to him by the treasurer of the company; and, so far as appears, this was without the authority of the stockholders. In other words, the bonds were unlawfully diverted, with the knowledge of complainant. The transaction was held to create no liability against the company. In the case of *Kendall* v. *Bishop* a mortgage was authorized, and what the court considered to be a general assignment was executed in its stead. It was held void as an unlawful preference, and also because not authorized by the directors. The case is unlike the present.

The other questions presented do not call for discussion. All of them have been considered, and no error is discovered.

Decree affirmed.

The other Justices concurred.