HALLETT v. GORDON.

1. APPEAL—REVERSAL OF JUDGMENT—RES JUDICATA.

The reversal of a judgment for a breach of contract, on the ground that there were no contract relations between the parties, is not *res judicata* of the right to maintain an action for fraud and deceit growing out of the same transaction.

2. FRAUDULENT REPRESENTATIONS — ASSUMPSIT — SUFFICIENCY OF DECLARATION.

A declaration in *assumpsit* for fraudulent representations, authorized by 3 Comp. Laws, § 10421, need not set up the statute, though it would be better pleading to do so.

3. SAME—FRAUD OF AGENT.

Under said statute, *assumpsit* may be maintained against an agent for fraudulent representations by which plaintiff was induced to enter into a contract with the principal.

Error to Livingston; Smith, J. Submitted June 5, 1901. Decided October 1, 1901.

*Assumpsit* by Jennie Hallett against Thomas Gordon, Jr., for fraud and deceit. From a judgment for plaintiff, defendant brings error. Affirmed.

*William P. Van Winkle* and *Fred H. Warren*, for appellant.

*E. A. Stowe* and *Louis E. Howlett*, for appellee.

MOORE, J. This case has been in this court once before, and is reported in 122 Mich. 567 (81 N. W. 556). In an opinion by HOOKER, J., it was held the contract sued upon was void under the statute of frauds; that the action being *assumpsit* for the breach of an alleged warranty, and no contract relations ever having existed between the parties to the record, the defendant could not be sued in this form of action, but plaintiff's only remedy, if any, against this defendant, was an action on the case

for the alleged fraud and deceit.    Judgment having passed for the plaintiff below, it was reversed, and no new trial ordered.    On a motion for a rehearing, counsel for appellee called the court's attention to a recent statute (3 Comp. Laws, § 10421) which provides for an action of *assumpsit* in certain cases where formerly only an action on the case could be brought.    In an opinion reported in 122 Mich. 573 (82 N. W. 827), the court directed a new trial.    The case was remanded to the circuit court, where, on a second trial, with the same declaration, plaintiff recovered another verdict and judgment.    The general history of the case is so nearly alike in both trials that a detailed statement will be made unnecessary by a reference to the opinion of the court in 122 Mich. 567 (81 N. W. 556).

The defendant claims that, upon the record as it stands, no recovery can be had, and the circuit judge should have directed a verdict in his favor :

1. Because, as to all questions affecting the real merits of the case, the matter is *res adjudicata.*

2. Because 3 Comp. Laws, § 10421, did not warrant a retrial of the case upon the same declaration.

3. Because 3 Comp. Laws, § 10421, does not authorize an action of *assumpsit* for a mere naked tort.

As to the first of these reasons, the record discloses that, upon the former trial, the plaintiff sought to recover for a breach of the contract, and this court held that, as there were no contract relations between the parties, defendant could not be guilty of a breach of the contract.    Upon this trial the plaintiff sought to recover, not for a breach of the contract, but for fraud and deceit, which was not the same issue which was litigated before.

It is insisted by defendant that, before he could be held liable, the declaration should have been amended so as to bring him within the terms of the statute.    The statute reads :

" *The People of the State of Michigan enact*, that in all cases where, by the fraudulent representations or conduct of any person, an injury has been or shall be pro-

duced, either to the person, property, or rights of another, for which an action on the case for fraud or deceit may by law be brought, an action of *assumpsit* may be brought to recover damages for such injury, and in all such cases a promise shall be implied by law to pay all just damages arising from such fraud or deceit, and may be so declared upon."

It would doubtless be better pleading to refer to the statute in the declaration in such a way as to advise the defendant that plaintiff claimed he was within its provisions. In this case the declaration set up the representations made by the defendant, which she claimed were false and fraudulent, and for which she might bring an action on the case for fraud and deceit. Having done this, she brought herself within the terms of the statute, and, if the proof warranted it, would be entitled to recover.

As to the third proposition, counsel says:

"If this suit had been planted against Newcomb, I can very well see how an action of *assumpsit* for fraud and deceit, if any, might be maintained under this statute. As against him the plaintiff would have her choice of three remedies: *Assumpsit* for breach of warranty; an action on the case for fraud and deceit; or, waiving the tort, an action of *assumpsit* for the latter. But by what fiction of law a promise can be implied against this defendant, when in all he said and did he was simply the mouthpiece of Newcomb, is beyond my power to discern. That he is liable for his own tort, if any, no one will dispute; but that you can turn a contract, to which he was not a party, into a tort, and then shift it back into a new implied contract, and by virtue of the alleged tort make him a party to it, thereby laying the foundation for an action of *assumpsit*, is a species of legal legerdemain which is not easily understood, and ought not to be tolerated,"—citing *Emerson* v. *Spring Co.*, 100 Mich. 133 (58 N. W. 659), and *Bedier* v. *Fuller*, 116 Mich. 128 (74 N. W. 506).

The first of these cases arose before the statute of 1897 was passed. The litigation in the other case began long before the statute was passed. The opinions in both cases were based upon the law as it existed before the enactment of the statute. The language of the statute

is not ambiguous, and, while it is anomalous to say that one who perpetrates a fraud or practices deceit by implication promises to pay any damages that may result therefrom, we are not prepared to say the legislature may not provide that, for damages growing out of fraud and deceit, *assumpsit* may be maintained. *Hallett* v. *Gordon*, 122 Mich. 573 (82 N. W. 827).

Complaint is made of the rule of damages the court gave to the jury. His statement of the rule was not such a statement as was calculated to prejudice the rights of the defendant.

Judgment is affirmed.

The other Justices concurred.