## ANDERSON CARRIAGE CO. *v.* PUNGS.[1]

1. PLEADING—COMMON COUNTS—FRAUD.
    Where corporations consolidate, and new stock is issued to the
    shareholders of each on a basis of the value of the assets of
    each, the new company cannot recover on the common counts
    against one who has sold his stock, for money received by
    him for such proportion of the stock as represented the value
    of certain assets of one of the original companies which
    proved to be valueless, and which he had falsely and fraud-
    ulently represented to be good, as the remedies are, *first,*
    an action for damages for fraud, and, *second,* a rescission
    of the contract.

---

[1] Rehearing denied October 12, 1903.

2. SAME—ASSUMPSIT—STATUTE.

A plaintiff cannot rely upon the statute (3 Comp. Laws, § 10421) authorizing an action of *assumpsit* for fraud and deceit, where his declaration does not, either by reference to the statute or by averment of necessary facts, bring his case within its provisions.

Error to Wayne; Hosmer, J.   Submitted June 3, 1903. (Docket No. 24.)   Decided July 8, 1903.

*Assumpsit* by the Anderson Carriage Company against William A. Pungs for money had and received.   From a judgment for defendant on verdict directed by the court, plaintiff brings error.   Affirmed.

*Russel & Campbell*, for appellant.

*Barbour, Rexford & Field*, for appellee.

MONTGOMERY, J.   In February, 1897, two corporations were in existence in Detroit, the one known as the Anderson Manufacturing Company, and the other as the American Railway Supply Company.   By an agreement between the officers of the two corporations, a new corporation was organized, known as the Pungs-Anderson Manufacturing Company; the corporation being instituted for the purpose of absorbing the two first-named corporations.   The assets of each of said companies were transferred to the new corporation, and, in payment for the same, stock in the Pungs-Anderson Company was issued to the respective holders of stock in the two merging corporations on a basis of the valuation of the assets of each company; *i. e.*, to the stockholders of the American Railway Supply Company, $100,000, and to the stockholders of the Anderson Manufacturing Company, $70,000.   The present plaintiff is the Pungs-Anderson Manufacturing Company under a new name.   The defendant, Pungs, was a large shareholder in the American Railway Supply Company, and took part in the negotiations resulting in the consolidation, and was allotted stock in the new company to the amount of $33,781.25.

On the trial of the present case the plaintiff offered to prove that, during the negotiations for consolidation, the defendant, Pungs, misrepresented the character and value of certain assets of the American Railway Supply Company, thereby securing to the shareholders of said company a larger allotment of stock in plaintiff company than they were entitled to, and that defendant subsequently sold his stock and converted it into money. The claim was made that the plaintiff is entitled to recover on the *indebitatus assumpsit* count, as for money had and received by the defendant for plaintiff's use, the money received by defendant for such proportion of the stock issued to him by plaintiff as represented the value of the assets turned in to the plaintiff by the American Railway Supply Company which proved to be valueless, and were falsely and fraudulently represented by the defendant to be good. The particular items were given in the statement of counsel. The declaration was the common counts. The circuit judge was of the opinion that the plaintiff could not recover under the count for money had and received, and directed a verdict for defendant. Plaintiff brings error.

Plaintiff's contention is that a fraud was committed, by which the issue of stock to defendant was, in round figures, $5,000 more than it would have been had the fraud not been committed; that the stock to that amount remained the property of the plaintiff; and that, on its sale, the money received by defendant was, at the election of the plaintiff, the money of the plaintiff. We think the premise faulty. If we assume that the plaintiff, rather than the Anderson Manufacturing Company, is the proper party to seek a remedy for this fraud,—as to which see *Teachout* v. *Van Hoesen*, 76 Iowa, 113 (40 N. W. 96, 1 L. R. A. 664, 14 Am. St. Rep. 206),—the remedies open were two: *First,* an action for damages for the fraud and deceit; *second*, a rescission of the contract. It was not open to the plaintiff to treat the original contract as subsisting to the extent of so much stock as plaintiff

claimed would have fairly represented defendant's proportion of the true value of the property turned in by the American Railway Supply Company, and nonexistent as to the remainder. See *Emerson* v. *Spring Co.*, 100 Mich. 127 (58 N. W. 659); *Bedier* v. *Fuller*, 106 Mich. 342 (64 N. W. 331); *Id.*, 116 Mich. 126 (74 N. W. 506); *Galloway* v. *Holmes*, 1 Doug. (Mich.) 330.

Plaintiff's counsel direct our attention to 3 Comp. Laws, § 10421, which authorizes an action of *assumpsit* for fraud and deceit. We do not think the plaintiff is in a position to invoke the aid of this statute. The declaration does not, either by reference to the statute or by averment of the necessary facts, bring the plaintiff's case within its provisions. *Hallett* v. *Gordon*, 128 Mich. 364 (87 N. W. 261).

Judgment is affirmed, with costs.

The other Justices concurred.