MINTZ *v.* JACOB.

1. ELECTION OF REMEDIES—INCONSISTENT THEORIES—ASSUMPSIT.
   The commencement of an action upon one of two inconsistent claims amounts to an election, and, although the action may be discontinued and recommenced, the plaintiff may not maintain suit upon the abandoned theory.

2. Same—Fraud—Waiver of Tort—Assumpsit.

It is not an election, which would bar a subsequent action of tort, for plaintiff to commence in assumpsit under 3 Comp. Laws, § 10421, for fraud in obtaining money through false pretenses.

3. Same—Constitutional Law.

A statute permitting a plaintiff to commence an action, based upon fraudulent representations or conduct, in assumpsit, is within the legislative authority.

4. Same—Estoppel.

No estoppel arises from plaintiff's attempt to commence an action of assumpsit by capias under 3 Comp. Laws, § 9998, so as to bar or defeat a subsequent action *ex delicto* for the same fraud, after being nonsuited in the original cause.

Error to Wayne; Hosmer, J. Submitted October 6, 1910. (Docket No. 9.) Decided November 11, 1910.

Case by Samuel Mintz against Ben B. Jacob for fraud. Judgment for defendant on motion to quash the writ. Plaintiff brings error. Reversed.

*Philip A. McHugh* and *William Henry Gallagher,* for appellant.

*Miner, Anhut & Chaddock* (*John Miner,* of counsel), for appellee.

Hooker, J. Claiming that defendant had aided and abetted one Rappapord in securing, through false pretenses, from the plaintiff, a sum of money to be used by the latter in redeeming certain alleged diamonds, then in pawn to the defendant, plaintiff brought assumpsit under 3 Comp. Laws, § 10421, on September 8, 1909, commencing the action by capias. The writ was afterward, and on October 4, 1909, quashed for failure to file a declaration. A voluntary nonsuit was thereupon submitted to by plaintiff, but the order was not entered. On October 7, 1909, a new and similar action was begun, whereupon defendant pleaded the pendency of the former action, and

this plea was sustained, and the writ quashed. On January 12, 1910, plaintiff instituted an action of trespass on the case for the same fraud and deceit. Capias issued, and defendant was arrested for a third time. The defendant's counsel thereupon moved the court to quash the writ and vacate the order holding defendant to bail, upon the ground that plaintiff had by his first two prosecutions in assumpsit elected his remedy, and was thereby precluded from thereafter suing in trespass on the case for the same cause, which it is maintained, is a different and inconsistent remedy.

"(10421) SECTION 1. *The people of the State of Michigan enact,* that in all cases where, by the fraudulent representations or conduct of any person, an injury has been or shall be produced, either to the person, property or rights of another, for which an action on the case for fraud or deceit may by law be brought, an action of assumpsit may be brought to recover damages for such injury, and in all such cases a promise shall be implied by law to pay all just damages arising from such fraud or deceit, and may be so declared upon."

The affidavits for capias and the declarations in the three actions were similar, if not identical, in the description of the wrong sued upon, and the measure of damages in all would be the same. Under the statute referred to, it was optional with the plaintiff to select either form of action. It is settled by our decisions that, where a plaintiff has a choice between inconsistent *claims,* the commencement of action upon one theory constitutes an election, and, while he may discontinue and sue again upon the same claim, he cannot be allowed to sue upon an inconsistent claim. Thus one who sues for the price of a horse sold by him, or for damages, for a breach of the contract cannot, after discontinuance or defeat, maintain an action of trover for the unlawful conversion of the horse, or replevin for its unlawful detention. The reason is apparent. Having affirmed the contract and the ownership of the defendant by the first suit, trover or replevin would be an inconsistent claim. This rule is not confined to in-

stances where the actions are assumpsit and an action *ex delicto*. After assumpsit for a breach of contract, another action of assumpsit to recover the consideration paid on the contract upon the ground of rescission will not lie when the plaintiff had a choice of remedies. It is the inconsistency of the demands, which makes the election of one right of action an estoppel against the subsequent assertion of the other, and not the fact that the forms of action are different. Doubtless resort to one remedy may be conclusive of the exercise of a choice between inconsistent claims, and constitute an estoppel, but we think not in this case. At common law an action of assumpsit would not lie in this case, and this declaration would be bad on demurrer, for it sets up and relies on the fraud, and does not state a cause of action resting on contract. There would be no estoppel by the attempt to bring assumpsit, for the reason that there was no right to bring assumpsit, and plaintiff might afterwards sue in case.

But our statute gives the right to a plaintiff in a case like this to set up the fraud and deceit, and recover the damages suffered either in an action of case, or, in form, assumpsit, and there is no inconsistency, for in each the same wrong is alleged and the same injury. The legislature has the power to permit recovery for a tort in an action in form *ex contractu* if it chooses to do so, as we intimated in *Hallett* v. *Gordon*, 122 Mich. 573 (81 N. W. 556, 82 N. W. 827), where we ordered a new trial in a case somewhat similar to this. (See, also, *Hallett* v. *Gordon*, 128 Mich. 364 (87 N. W. 261). In some States the differences in form of action are abolished, and all declarations or petitions merely allege the facts relied on. This is within the legislative authority, and in our former Constitution the Supreme Court was given authority to make rules with a view to simplifying the practice. Const. 1850, art. 6, § 5. The cases bearing on the question discussed will be found in 2 Michigan Digest, p. 742, under the title "Election of Remedies," and, in our opinion, fully support the conclusion that we have reached in this

case. See 15 Cyc. p. 259 *et seq.;* 9 Cur. Law, p. 1037; 13 Cur. Law, p. 1397.

Counsel for the defendant urge in further support of their claim that a capias for a cause of action alleged to arise upon contract must be brought under section 9996, 3 Comp. Laws, and that such section gives the right to plaintiff to have a capias issued and arrest made without an order to hold to bail being previously indorsed, and the further right to a bond in twice the amount that the plaintiff is entitled to recover, as shown by the affidavit, while section 9998 covers claims for damages other than those arising upon contract express or implied, and in these an order to hold to bail in a discretionary sum to be fixed by the magistrate must precede the arrest, and therefore plaintiff, having first elected to proceed under the former, is now estopped to commence under the latter, section. The sections read as follows:

"(9996) SEC. 13. Personal actions arising upon contract, express or implied, may be commenced by *capias ad respondendum* only to recover damages for any breach of promise to marry, or for moneys collected by any public officer, or for any misconduct or neglect in office, or in any professional employment, or in case of fraud or breach of trust, when the plaintiff, or some one in his behalf, shall make and attach to such writ an affidavit, stating therein that the plaintiff has a claim for damages against the defendant for the cause of action stated in the writ, and upon which he believes that the plaintiff is entitled to recover a certain sum, being more than one hundred dollars."

"(9998) SEC. 15. Personal actions may be commenced by *capias ad respondendum,* in cases of claims for damages other than those arising upon contract, express or implied, where an order for bail shall be endorsed on the writ by a judge of the court from which the writ issues, or a circuit court commissioner, directing the amount in which bail is to be taken."

Without implying the correctness of defendant's claim were the facts as stated above, we have only to look at the several affidavits to see that they are not, and that

defendant has nothing but the fact that the action first brought was in assumpsit to support his claim. In each case the affidavit set up fraud and deceit, and made no claim to damages arising on contract. It alleged neither that it arose on contract nor the "belief that plaintiff was entitled to a sum certain," as required by section 9996. If we may credit the defendant's brief, an order to hold to bail as required by section 9998 was obtained in each case, and, in short, it is obvious that plaintiff was attempting to proceed under section 9998, in each instance, which he had the clear right to do, upon the facts set forth in any one of his affidavits, either in assumpsit or case under the statute (3 Comp. Laws, § 10421). All three actions were identical in substance, differing only in the name. The elements of an estoppel are lacking, and there was no merit in the motion to quash, which should have been denied.

The judgment is reversed, with costs.

BIRD, C. J., and OSTRANDER, MOORE, and McALVAY, JJ., concurred.