WASHBURN *v.* PECK.

1. ELECTION OF REMEDIES—ONE MAY NOT MAINTAIN INCONSISTENT ACTIONS.

One may not take contradictory positions in asserting a right in court by asserting a right in one action which is negatived by the right as asserted in another action.

2. JUDGMENT—RES ADJUDICATA—ELECTION OF REMEDIES.

An action for fraud and deceit, in which plaintiff failed to recover, was not a bar to an action on the common counts in assumpsit for breach of contract to repay money lent, since the issues involved are not the same, and there is no inconsistency in the remedies.

Case-made from Wayne; Richter (Theodore J.), J. Submitted October 16, 1928. (Docket No. 23, Calendar No. 33,881.) Decided January 7, 1929.

Assumpsit in justice's court by Lillie Washburn against Rankin P. Peck for money had and received. There was judgment for plaintiff, and defendant appealed to the circuit court. Judgment for defendant. Plaintiff appeals. Reversed, and judgment ordered entered for plaintiff.

*Charles L. Mann,* for appellant.

*Frederick S. Baker,* for appellee.

POTTER, J. Plaintiff sued defendant in justice's court on all the common counts in assumpsit. Defendant pleaded former adjudication in bar. There was judgment for plaintiff. Defendant appealed to the circuit court, where there was judgment for de-

fendant because of a former adjudication. Plaintiff brings error.

The only question is whether defendant's plea of former adjudication in bar was properly sustained.

Plaintiff, prior to the commencement of this action, brought suit in justice's court against defendant in trespass on the case, alleging defendant obtained from her $500 by false representations, fraud, and deceit. She recovered judgment in that case in justice's court, which was reversed by the circuit court, where a judgment of not guilty was entered, which judgment remains in full force and effect. This prior judgment was held by the trial court to bar the maintenance of plaintiff's action in assumpsit in the case at bar.

Defendant obtained money from plaintiff which he has not repaid. One may not take contradictory positions in asserting a right in court, if the assertion of plaintiff's right in the first case involves a negation of the right as claimed in the second case. *Thompson* v. *Howard,* 31 Mich. 309; *Black* v. *Miller,* 75 Mich. 323; *Mintz* v. *Jacob,* 163 Mich. 280; *Brewster Loud Lumber Co.* v. *General Builders' Supply Co.,* 233 Mich. 633; *Willard* v. *Shekell,* 236 Mich. 197. An action of trespass on the case for fraud and deceit does not involve the same issue as an action of assumpsit for breach of contract to repay money lent. *Ballett* v. *Gordon,* 128 Mich. 364. There is no inconsistency in the remedies. *Mintz* v. *Jacob, supra; Humiston, Keeling & Co.* v. *Bridgman,* 195 Mich. 82; *Pierce* v. *Mitchell,* 87 Vt. 538 (90 Atl. 577); 9 R. C. L. p. 961. That defendant was found not guilty of fraud and deceit in obtaining plaintiff's money does not prove he does not owe it. Nothing short of satisfaction of plaintiff's claim waives any concurrent remedy. *Rowell* v. *Smith,* 123 Wis. 510

(102 N. W. 1, 3 Ann. Cas. 773); *American Process Co.* v. *Pressed Brick Co.,* 56 Fla. 116 (47 South. 942, 16 Ann. Cas. 1054); *Mills* v. *Parkhurst,* 126 N. Y. 89 (26 N. E. 1041, 13 L. R. A. 472); 34 C. J. pp. 848, 849.

Judgment reversed, and judgment will be entered for plaintiff, with costs.

NORTH, C. J., and FELLOWS, CLARK, MCDONALD, and SHARPE, JJ., concurred. FEAD and WIEST, JJ., concurred in the result.