## WEBB *v.* KNAUSS.

1. LANDLORD AND TENANT—INCONSISTENT REMEDIES—FORFEITURE—WAIVER—ESTOPPEL.

   Lessor, by electing to proceed against all parties as tenants to enforce payment of taxes and insurance after serving notice of forfeiture of lease for unauthorized assignment, thereby waived forfeiture.

2. SAME—FORFEITURE—WAIVER.

   Forfeiture declared by lessor for unauthorized assignment of lease may be waived by prosecuting to conclusion inconsistent remedy.

As to what amounts to a violation of a covenant in lease against assignment or sale, see annotation in 14 L. R. A. (N. S.) 1200.

3. ACTION — CUMULATIVE REMEDIES — INCONSISTENT REMEDIES — WAIVER—ESTOPPEL.

   Right to use cumulative remedies does not permit or enable one to resort to inconsistent remedies, nor does it obviate defense of waiver or estoppel.

4. ESTOPPEL—CONTRACTS—INCONSISTENT CLAIMS.

   One may not repudiate contract and claim under it at same time.

Error to Wayne; Hart (Ray), J., presiding. Submitted October 23, 1930. (Docket No. 50, Calendar No. 35,199.) Decided January 7, 1931.

Summary proceedings by Ann Webb against Augusta M. Knauss and others to regain possession of leased premises. Judgment for defendants. Plaintiff brings error. Affirmed.

*Lucking, Van Auken & Sprague* (*LeRoy C. Lyon,* of counsel), for plaintiff.

*Hollis Harshman* and *Herman H. Greenberg,* for defendant Knauss.

NORTH, J. In 1917, the plaintiff entered into a 99-year lease with Edith M. Unger covering property located on Third avenue, Detroit, Michigan. The lease provides:

"The said lessee further covenants and agrees that she will not assign or transfer this lease without the written consent of said lessor; provided, however, that nothing herein contained shall prohibit the said lessee from subletting the whole or any portion of said premises. * * *

"It is further agreed that all the covenants, agreements, conditions and undertakings herein contained shall extend to and be binding upon the representatives, heirs, executors, administrators, suc-

cessors and assigns of the respective parties hereto as if they were in all cases named, and all of said covenants shall be construed as covenants running with the land.''

In referring hereinafter to the defendants or appellees we do not include Mildred M. Lee or the Consolidated Products Company. They are subtenants and will not be affected.

In September, 1917, the lessee assigned to Louis M. Knauss, who agreed to perform all the covenants and stipulations to be performed in the lease. Plaintiff consented to this assignment in writing. About two years later Louis M. Knauss died and his widow, Augusta M. Knauss, succeeded to his rights as lessee. No question is raised but that she thus became the assignee of this leasehold interest. In 1927, by an instrument in the form of a sublease and for a consideration of $7,500, Mrs. Knauss transferred the unexpired portion of her leasehold to the defendants Milo R. Houghten and Harvey G. Houghten. In effect this was an assignment and will be so treated. *Lee* v. *Payne,* 4 Mich. 106; 16 R. C. L. p. 832. Later in the same year the Houghtens assigned to defendant Eula B. Flint. They also executed another assignment to Eula B. Flint and Elmer W. Mulford. Neither plaintiff nor her agent knew of these assignments at the time they were made; but before February 8, 1930, plaintiff and her representative became fully advised relative to them. On the last-mentioned date plaintiff served a notice on the defendants herein to terminate the tenancy by reason of nonpayment of rent from June 1, 1929, to date of notice. The rental was at the rate of $175 per month, payable in advance on the first of each month. On February 13, 1930, proceedings before a circuit court commissioner were

instituted which resulted in a judgment in favor of Mrs. Webb fixing the unpaid rent in the sum of $1,664.10. This amount was paid by Mrs. Knauss to the commissioner and by him turned over to the plaintiff, March 13, 1930, and it constituted payment in full of rent to March 1, 1930. On the date of the notice mentioned (February 8, 1930) another notice was served on defendants advising them of default in the payment of taxes as well as of rent, and that unless payment was made within 30 days from date of service plaintiff would terminate the lease and repossess the premises.

Later, and on March 12, 1930, plaintiff served on defendants notice of a forfeiture of this lease and a demand for possession because of the assignment by the defendant Augusta M. Knauss to the Houghtens without plaintiff's consent. There was also embodied in this notice the further reason of nonpayment of taxes. Summary proceedings were instituted March 14, 1930. An appeal from the commissioner's court was taken to the circuit court and a hearing had before the circuit judge without a jury. Judgment was there rendered in favor of the defendants and plaintiff reviews by writ of error. The only brief in behalf of defendants is that of Mrs. Knauss, who seems to claim she still has some interest in this lease on the ground that the assignment by her was procured by fraud.

It seems to be assumed by all the parties that prosecution of this complaint was based solely on plaintiff's claim of right to terminate the lease because it had been assigned in violation of its terms and not because of the nonpayment of taxes or insurance by the lessee as required by the lease. As a matter of fact, at a still later date plaintiff instituted a third proceeding before the commissioner based

upon the nonpayment of taxes and insurance; and while the instant case was on trial in the circuit a judgment was rendered by the circuit court commissioner in favor of plaintiff and against these defendants. This judgment fixed the amount of taxes and insurance for which these defendants were liable as $2,008.05.

As noted, in the case we are reviewing plaintiff claims that the assignment of the lease without her consent rendered the lease void and that she is entitled to recover possession. As against this contention the defendants assert (1) that plaintiff having consented to the first assignment of this lease could not thereafter successfully assert forfeiture based upon a subsequent assignment without her consent; and (2) that because plaintiff instituted legal proceedings to enforce the payment of rent, taxes, and insurance after she was fully informed of the facts which constitute the alleged forfeiture, she waived any right she might otherwise have to rely upon and enforce such forfeiture.

We will first consider the latter contention. By accepting rent to March 1, 1930, plaintiff accepted rent for these premises which was due February 1, 1930, but which in fact was for occupancy of the premises after the date of the notice to quit, February 8, 1930. In addition to this, based on her last notice to the defendants incident to nonpayment of taxes and insurance, plaintiff instituted a suit against them in the commissioner's court. This was on the theory that they were still her tenants and must either pay the taxes and insurance as provided in the lease, the amount of which she had fixed in this last proceeding at $2,008.05, or surrender possession. Presumably this amount was paid to her. Otherwise she would have obtained possession in

that suit, in which event the instant case would become moot. All this occurred after plaintiff had given the notice of forfeiture on which she must rely in order to prevail in this case. We are mindful of the fact that, except as above noted, the circuit court commissioner's judgment fixed the amounts of rents, taxes, and insurance which were due before she gave notice on which she now relies. But we think that fact does not obviate the waiver. We are not concerned with what might have been the effect, if any, of voluntary payment by the lessee of past-due rent or past-due taxes or insurance. Nor is it of consequence that plaintiff might claim Mrs. Knauss was liable for the payment of these items under the terms of her lease. As to the other defendants, plaintiff could not make such a claim unless she acknowledged the validity of the assignments which she here assails. The waiver or estoppel which we think prevents plaintiff from taking judgment arises from her conduct in electing after her notice of forfeiture to proceed against all of the defendants as her tenants in the commissioner's court and in taking a judgment against them which would terminate the tenancy on which that proceeding was based unless they paid the amounts fixed by the commissioner. Such a judgment must have been founded upon recognition by plaintiff of the assignments of the lease. If plaintiff intended to rely upon forfeiture of the lease because of noncompliance with the clause requiring the lessee to pay taxes and insurance, the judgment in the commissioner's court should have been one for possession without provision for payment. It was within plaintiff's power to waive the forfeiture which she had declared, and this could have been accomplished

by prosecuting to a conclusion an inconsistent remedy.

"Forfeiture may be waived. *Krell* v. *Cohen,* 214 Mich. 590. Commencement of suit for foreclosure of vendor's lien is a waiver by vendor of prior forfeiture. *Old Second National Bank* v. *Savings Bank,* 115 Mich. 548." *Chicago Boulevard Land Co.* v. *Apartment Garages,* 245 Mich. 448.

As to all of these defendants plaintiff elected to prosecute to conclusion an inconsistent remedy. It is true plaintiff's lease expressly provided that her remedies against lessees were cumulative and not exclusive of any other remedies allowed by law. But the right to use cumulative remedies does not permit or enable one to resort to inconsistent remedies, nor does it obviate the defense of waiver or estoppel. It is elementary that one cannot repudiate a contract and claim under it at the same time. *Alpena Lumber Co.* v. *Fletcher,* 48 Mich. 555. We have recently held that:

"One may not take contradictory positions in asserting a right in court by asserting a right in one action which is negatived by the right as asserted in another action." (Syllabus) *Washburn* v. *Peck,* 245 Mich. 351.

The circuit judge based his decision, in part at least, on a determination that plaintiff had resorted to inconsistent remedies. This holding was correct. Other questions are presented by the record, but we need not consider them because the issue reviewed is controlling. Judgment is affirmed, with costs to Mrs. Knauss.

Butzel, C. J., and Wiest, Clark, McDonald, Potter, Sharpe, and Fead, JJ., concurred.